## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| FIRST HORIZON BANK, | |
| *Plaintiff*, | Civil Action No.: 2:25-cv-02956-BCL-tmp |
| v. | JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES MANAGEMENT, LLC, INTELLECTUAL VENTURES I LLC, INTELLECTUAL VENTURES II LLC, CALLAHAN CELLULAR L.L.C., OL SECURITY LIMITED LIABILITY COMPANY, INVENTION INVESTMENT FUND I, L.P., and INVENTION INVESTMENT FUND II, LLC | |
| *Defendants.* | |

## ANSWER AND COUNTERCLAIMS OF DEFENDANTS TO
## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Defendants Intellectual Ventures Management, LLC ("Intellectual Ventures Management"), Intellectual Ventures I LLC ("Intellectual Ventures I"), Intellectual Ventures II LLC ("Intellectual Ventures II"), Callahan Cellular LLC ("Callahan Cellular"), OL Security LLC ("OL Security"), Invention Investment Fund I LLP ("Fund I"), and Invention Investment Fund II, LLC ("Fund II") (collectively "Intellectual Ventures") hereby submit their Answer to Plaintiff First Horizon Bank ("First Horizon" or "Plaintiff") Complaint for Declaratory Judgment. Except as otherwise admitted in this Answer, Intellectual Ventures denies each and every allegation in the complaint.

## I.     NATURE OF THE ACTION

1.      Intellectual Ventures admits that this is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 1.

## II.     THE PARTIES

2.      Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and therefore denies the allegations in Paragraph 2.

3.      Intellectual Ventures Management admits that it is a limited liability company organized and existing under the laws under the state of Washington and states that its principal place of business is at 14360 SE Eastgate Way, Bellevue, Washington, 98007. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 3.

4.      Intellectual Ventures I admits that it is a limited liability company organized and existing under the laws under the State of Delaware and states that its principal place of business

2

is at 14360 SE Eastgate Way, Bellevue, Washington, 98007. Except as expressly admitted, Intellectual Ventures I and the remaining Defendants deny the remaining allegations of Paragraph 4.

5.     Intellectual Ventures II admits that it is a limited liability company organized and existing under the laws under the State of Delaware and states that its principal place of business is at 14360 SE Eastgate Way, Bellevue, Washington, 98007. Except as expressly admitted, Intellectual Ventures II and the remaining Defendants deny the remaining allegations of Paragraph 5.

6.     Callahan Cellular admits that it is a limited liability company organized and existing under the laws under the State of Delaware and states that its principal place of business is at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Except as expressly admitted, Callahan Cellular and the remaining Defendants deny the remaining allegations of Paragraph 6.

7.     OL Security admits that it is a limited liability company organized and existing under the laws under the State of Delaware and states that its principal place of business is at 160 Greentree Drive, Suite 101, Dover, Delaware 19904. Except as expressly admitted, OL Security and the remaining Defendants deny the remaining allegations of Paragraph 7.

8.     Fund I states that it is a limited partnership organized and existing under the laws under the State of Delaware and states that its principal place of business is at 14360 SE Eastgate Way, Bellevue, Washington 98007. Except as expressly admitted, Fund I and the remaining Defendants deny the remaining allegations of Paragraph 8.

9.     Fund II admits that it is a limited liability company organized and existing under the laws under the State of Delaware and states that its principal place of business is at 14360 SE

Eastgate Way, Bellevue, Washington 98007. Except as expressly admitted, Fund II and the remaining Defendants deny the remaining allegations of Paragraph 9.

### III.    THE PATENTS

10.    Intellectual Ventures admits that the referenced patent was filed and issued. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 10.

11.    Intellectual Ventures I admits to the allegations of Paragraph 11. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 11.

12.    Intellectual Ventures admits that the referenced patent was filed and issued. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 12.

13.    Intellectual Ventures II admits the allegations of Paragraph 13. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 13.

14.    Intellectual Ventures admits only on its face the allegations of Paragraph 14. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 14.

15.    Intellectual Ventures admits that the referenced patent was filed and issued. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 15.

16.    Intellectual Ventures I admits to the allegations of Paragraph 16. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 16.

17.     Intellectual Ventures admits that the referenced patent was filed and issued. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 17.

18.     Callahan Cellular admits the allegations of Paragraph 18. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 18.

19.     Intellectual Ventures admits that the referenced patent was filed and issued as stated. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 19.

20.     OL Security admits to the allegations of Paragraph 20. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 20.

21.     Intellectual Ventures admits that the referenced patent was filed and issued. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 21.

22.     Intellectual Ventures II admits to the allegations of Paragraph 22. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 22.

23.     Intellectual Ventures admits that the referenced patent was filed and. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 23.

24.     Intellectual Ventures admits to the allegations of Paragraph 24. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 24.

25.     Intellectual Ventures admits that the referenced patent was filed and issued. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 25.

26.     Intellectual Ventures I admits to the allegations of Paragraph 26. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 26.

27.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 27.

28.    Intellectual Ventures Management has been involved in the business of inventing. Intellectual Ventures Management facilitates invention by inventors and the filing of patent applications for those inventions, collaboration with others to develop and patent inventions, and the acquisition and licensing of patents from individual inventors, universities, corporations, and other institutions. In addition, the use of the term "and/or" renders the allegation vague and ambiguous, therefore Intellectual Ventures denies this allegation. Except as expressly admitted, Intellectual Ventures Management and the remaining Defendants deny the remaining allegations of Paragraph 28.

29.    Intellectual Ventures Management admits it has the right, by or on behalf of the assignees, to enter into agreements concerning matters relating to the patents in Intellectual Ventures Management's Patent Portfolio and concerning matters relating to the licensing and enforcement of the patents in its Patent Portfolio. Except as expressly admitted, Intellectual Ventures Management and the remaining Defendants deny the remaining allegations of Paragraph 29.

30.    Intellectual Ventures Management states that it negotiates licenses on behalf of the entities named in paragraph 30, who each hold the rights to license or enforce their respective patents. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 30.

31.    Intellectual Ventures Management states that it negotiates licenses on behalf of the entities named in paragraph 31, who each hold the rights to license or enforce their respective

6

patents. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 31.

32.    Intellectual Ventures Management states that it negotiates licenses on behalf of the entities named in paragraph 32, who each hold the rights to license or enforce their respective patents. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 32.

33.    Intellectual Ventures denies the allegations of Paragraph 33.

34.    Intellectual Ventures denies the allegations of Paragraph 34.

35.    Intellectual Ventures denies the allegations of Paragraph 35.

36.    Intellectual Ventures denies the allegations of Paragraph 36.

37.    Intellectual Ventures Management admits it is authorized to act on behalf of Intellectual Ventures I, Intellectual Ventures II, Callahan Cellular, OL Security, Fund I, and Fund II, including as to licensing and/or enforcement of the Patent-in-Suit. Except as expressly admitted, Intellectual Ventures Management and Intellectual Ventures deny the remaining allegations of Paragraph 37.

38.    Intellectual Ventures denies the allegations of Paragraph 38.

39.    Intellectual Ventures Management admits that it has caused assignments and/or rights transfers from one entity it manages to another entity it manages. Except as expressly admitted, Intellectual Ventures Management denies the remaining allegations of Paragraph 39.

40.    Callahan Cellular admits that it has assigned patents in Intellectual Ventures Management's Patent Portfolio to other entities also within Intellectual Ventures Management's Patent Portfolio and/or to entities related to Intellectual Ventures Management, including

7

Intellectual Ventures II. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 40.

41. Intellectual Ventures Management admits that it acts on behalf of Callahan Cellular, Intellectual Ventures I, and Intellectual Ventures II in monetizing patents owned by those entities. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 41.

42. Intellectual Ventures Management and Callahan Cellular admit that some of the patents it has assigned have been asserted in patent litigation. Except as expressly admitted, Intellectual Ventures denies the remaining allegations in Paragraph 42.

43. Callahan Cellular admits to the allegation in Paragraph 43. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 43.

44. Callahan Cellular and Intellectual Ventures II admit to the allegation in Paragraph 44. Intellectual Ventures otherwise denies the allegations in Paragraph 44.

45. Intellectual Ventures II admits that it filed litigation against VMware Inc. for infringement of asserted patents in the U.S. District for the Western District of Texas. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 45.

46. Callahan Cellular admits to the allegations in Paragraph 46. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 46.

47. Callahan Cellular admits to the allegations in Paragraph 47. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 47.

48. Callahan Cellular admits to the allegations in Paragraph 48. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 48.

49.     Intellectual Ventures II admits it filed litigation against Arista Networks, Inc. and Hewlett Packard Enterprise Company for infringement of United States Patent No. RE 42,153 in the U.S. District Court for the Western District of Texas. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 49.

50.     Callahan Cellular admits to the allegations in Paragraph 50. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 50.

51.     Callahan Cellular and Intellectual Ventures II admit to the allegations in Paragraph 51. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 51.

52.     Intellectual Ventures II admits it filed litigation against FedEx Corporation, et al., for infringement of United States Patent No. 7,199,715 in the U.S. District Court for the Eastern District of Texas. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 52.

53.     Callahan Cellular admits to the allegations in Paragraph 53. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 53.

54.     Callahan Cellular admits to the allegations in Paragraph 54. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 54.

55.     Intellectual Ventures II admits to the allegations in Paragraph 55. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 55.

56.     Intellectual Ventures II admits it filed litigation against FTD Companies, Inc. and J.Crew Group, Inc. for infringement of United States Patent No. 6,782,370 in the U.S. District Court for the Eastern District of Texas. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 56.

57.     OL Security admits it has assigned patents in Intellectual Ventures Management's Patent Portfolio to other entities also within Intellectual Ventures Management's Patent Portfolio and/or to entities related to Intellectual Ventures Management, including Intellectual Ventures Assets 132 LLC, Intellectual Ventures Assets 150, LLC, and related entities. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 57.

58.     Intellectual Ventures Management and Callahan Cellular admit that some of the patents it has assigned have been asserted in patent litigation. Except as expressly admitted, Intellectual Ventures denies the remaining allegations in Paragraph 58.

59.     OL Security admits to the allegations in Paragraph 59. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 59.

60.     OL Security admits to the allegations in Paragraph 60. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 60.

61.     Intellectual Ventures Management admits to the allegations of Paragraph 61. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 61.

62.     Intellectual Ventures admits on its face, to the allegations of Paragraph 62. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 62.

63.     Intellectual Ventures Management admits that Lawrence Froeber was the CFO at the time of the assignment. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63, and therefore denies

them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 63.

64.    Intellectual Ventures denies the allegations of Paragraph 64.

65.    OL Security admits, on its face, the allegations in Paragraph 65. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 65.

66.    OL Security and Intellectual Ventures II admit on its face, the allegations in Paragraph 66. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 66.

67.    Intellectual Ventures Management admits on its face, the allegations of Paragraph 67. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 67.

68.    Intellectual Ventures II admits it filed litigation against Tesla, Inc. for infringement of United States Patent No. 6,894,639 in the United States District Court for the Western District of Texas. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 68.

69.    Intellectual Ventures Management admits that it provides services to the entities listed in Paragraph 69. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 69.

70.     Intellectual Ventures Management admits that Mr. Steve Joroff, Intellectual Ventures Management's Vice President of Licensing, sent a letter on September 23, 2024, to First Horizon. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 70.

71.     Intellectual Ventures Management admits that counsel, by and on behalf of Intellectual Ventures, sent a letter on October 16, 2025, to First Horizon. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 71.

72.     Intellectual Ventures admits on its face the allegations of Paragraph 72, but denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 72.

73.     Intellectual Ventures Management admits that it provides services to the entities listed in Paragraph 73. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 73.

### IV. JURISDICTION AND VENUE

74.     Intellectual Ventures admits that this action purports to arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. §§ 1-390. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 74.

75.     Intellectual Ventures admits that this Court has subject matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 75.

76.     Intellectual Ventures Management denies that this Court has personal matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 76.

77.     Intellectual Ventures I denies that this Court has personal matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 77.

78.     Intellectual Ventures II denies that this Court has personal matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 78.

79.     Callahan Cellular denies that this Court has personal matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 79.

80.     OL Security denies that this Court has personal matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 80.

81.     Fund I denies that this Court has personal matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 81.

82.     Fund II denies that this Court has personal matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 82.

83.    Intellectual Ventures denies that this Court has personal matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 83.

84.    Intellectual Ventures admits that this Court has subject matter jurisdiction over this action. Intellectual Ventures denies that this Court has personal matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 84.

85.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 85.

86.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 86.

87.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 87.

88.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 88.

89.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 89.

90. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 90.

91. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 91.

92. Intellectual Ventures denies the allegations in Paragraph 92.

93. Intellectual Ventures denies the allegations of Paragraph 93.

94. Intellectual Ventures denies the allegations of Paragraph 94.

95. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 95.

96. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 96.

97. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 97.

98. Intellectual Ventures denies the allegations of Paragraph 98.

99. Intellectual Ventures denies the allegations of Paragraph 99.

100. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 100.

101.    Intellectual Ventures denies the allegations of Paragraph 101.

102.    Intellectual Ventures denies the allegations of Paragraph 102.

103.    Intellectual Ventures denies the allegations of Paragraph 103.

104.    Intellectual Ventures denies the allegations of Paragraph 104.

105.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 105.

106.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 106.

107.    Intellectual Ventures denies the allegations of Paragraph 107.

108.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 108.

109.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 109.

110.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 110.

111.    Intellectual Ventures denies the allegations of Paragraph 111.

112.    Intellectual Ventures denies the allegations of Paragraph 112.

16

113.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 113.

114.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 114.

115.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 115.

116.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 116.

117.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 117.

118.    Intellectual Ventures denies the allegations of Paragraph 118.

119.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 119.

120.    Intellectual Ventures denies the allegations of Paragraph 120.

121.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 121.

122.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 122.

123.    Intellectual Ventures denies the allegations in Paragraph 123.

124.    Intellectual Ventures admits that Mr. Steve Joroff sent a letter to First Horizon on November 17, 2023. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 124.

125.    Intellectual Ventures admits that it intended to "initiate a dialogue concerning intellectual property and licensing matters with First Horizon". Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 125.

126.    Intellectual Ventures admits that it believes that Intellectual Ventures Management Patent Portfolio "align closely with the technologies integral to First Horizon's daily operations, including cloud computing, networking, security, storage, digital payments, and utilization of open-source software, among others." Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 126.

127.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on December 20, 2023. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 127.

128.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on December 20, 2023. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 128.

18

129.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on December 20, 2023. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 129.

130.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on January 7, 2024. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 130.

131.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on January 7, 2024. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 131.

132.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on January 7, 2024. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 132.

133.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on January 18, 2024. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 133.

134.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on January 18, 2024. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 134.

135.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on February 6, 2024. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 135.

136. Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on February 6, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 136.

137. Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on February 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 137.

138. Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on February 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 138.

139. Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on March 15, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 139.

140. Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on August 26, 2024, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 140, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 140.

141. Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 141, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 141.

142.    Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 142.

143.    Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 143.

144.    Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 144.

145.    Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 145.

146.    Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 146.

147.    Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 147, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 147.

148.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on October 8, 2024, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 148, and

21

therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 148.

149.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on October 8, 2024, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 149, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 149.

150.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on October 8, 2024, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 150, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 150.

151.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on October 8, 2024, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 151, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 151.

152.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on December 11, 2024, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 152, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 152.

153.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on December 11, 2024, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 153, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 153.

154.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on February 6, 2025, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 154, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 154.

155.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on February 6, 2025, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 155, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 155.

156.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on April 3, 2025, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 156, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 156.

157.    Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on April 3, 2025, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 157, and

therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 157.

158. Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on April 25, 2025, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 158, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 158.

159. Intellectual Ventures admits that Mr. Joroff sent an email to First Horizon on April 3, 2025, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 159, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 159.

160. Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 160, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 160.

161. Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 161, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 161.

162.    Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 162.

163.    Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 163.

164.    Intellectual Ventures denies the allegations of Paragraph 164.

165.    Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 165.

166.    Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 166.

167.    Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 167.

168.    Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 168.

169.    Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 169.

170.    Intellectual Ventures denies the allegations of Paragraph 170.

171.    Intellectual Ventures admits on its face the allegations of Paragraph 171, but denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 171.

172.    Intellectual Ventures admits it licenses patents to licensees. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 172.

## V. THE CONTROVERSY

173.    Intellectual Ventures denies the allegations of Paragraph 173.

174.    Intellectual Ventures denies the allegations of Paragraph 174.

175.    On information and belief, subsequent to initial communications between the parties, Intellectual Ventures' licensing activity has resulted in the First Horizon products at issue becoming licensed and Intellectual Ventures is not aware of any unlicensed '391 Accused Products and '862 Accused Patents from First Horizon. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 175.

176.    Intellectual Ventures denies the allegations of Paragraph 176.

177.    Intellectual Ventures denies the allegations of Paragraph 177.

178.    Intellectual Ventures denies the allegations of Paragraph 178.

179.    Intellectual Ventures I and Intellectual Ventures II admit they filed litigation against JP Morgan for infringement of asserted patents in U.S. District Court for the Eastern District of Texas, Marshall Division on November 15, 2023. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 179.

180.    Intellectual Ventures I and Intellectual Ventures II admit they filed litigation in the U.S. District Court for the Eastern District of Texas, Marshall Division on November 15, 2023,

26

against Comerica for infringement of asserted patents. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 180.

181.    Intellectual Ventures I and Intellectual Ventures II admit they filed litigation in the U.S. District Court for the Eastern District of Texas, Marshall Division on November 15, 2023, against Liberty Mutual for infringement of asserted patents. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 181.

182.    Intellectual Ventures denies the allegations of Paragraph 182.

183.    Intellectual Ventures denies the allegations of Paragraph 183.

184.    Intellectual Ventures denies the allegations of Paragraph 184.

185.    Intellectual Ventures denies the allegations of Paragraph 185.

186.    Intellectual Ventures denies the allegations of Paragraph 186.

187.    Intellectual Ventures denies the allegations of Paragraph 187.

188.    Intellectual Ventures denies the allegations of Paragraph 188.

## VI. CAUSES OF ACTION

### COUNT I

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '785 PATENT**

189.    Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

190.    Intellectual Ventures admits only that First Horizon is unlicensed to any of the Patents-in-Suit. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 190.

191.    Intellectual Ventures denies the allegations of Paragraph 191.

192.  Intellectual Ventures admits that it "does not authorize First Horizon or First Horizon's customers or partners to practice any of the above patents and/or other IV patent rights without a license." Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 192.

193.  Intellectual Ventures denies the allegations of Paragraph 193.

194.  Intellectual Ventures denies the allegations of Paragraph 194.

195.  Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 195.

196.  Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 196.

197.  Intellectual Ventures denies the allegations of Paragraph 197.

198.  Intellectual Ventures admits only on its face the allegations of Paragraph 198. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 198.

199.  Intellectual Ventures denies the allegations of Paragraph 199.

200.  Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 200.

201.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 201.

202.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 202.

203.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 203.

204.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 204, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 204.

205.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 205, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 205.

206.    Intellectual Ventures denies the allegations of Paragraph 206.

207.    Intellectual Ventures denies the allegations of Paragraph 207.

208.    Intellectual Ventures denies the allegations of Paragraph 208.

209.    Intellectual Ventures denies the allegations of Paragraph 209.

210.    Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 210.

211.     Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 211.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '785 PATENT

212.     Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

213.     Intellectual Ventures denies the allegations of Paragraph 213.

214.     Intellectual Ventures denies the allegations of Paragraph 214.

215.     Intellectual Ventures denies the allegations of Paragraph 215.

216.     Intellectual Ventures denies the allegations of Paragraph 216.

217.     Intellectual Ventures admits that the cited case law speak for themselves. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 217.

218.     Intellectual Ventures denies that the '785 Patent fails Alice Step One and is ineligible subject matter under 35 U.S.C. § 101. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 218.

219.     Intellectual Ventures denies the allegations of Paragraph 219.

220.     Intellectual Ventures denies the allegations of Paragraph 220.

221.     Intellectual Ventures denies the allegations of Paragraph 221.

222.     Intellectual Ventures denies the allegations of Paragraph 222.

223.     Intellectual Ventures denies the allegations of Paragraph 223.

224.     Intellectual Ventures denies the allegations of Paragraph 224.

225.     Intellectual Ventures denies the allegations of Paragraph 225.

226.    Intellectual Ventures denies the allegations of Paragraph 226.

227.    Intellectual Ventures denies the allegations of Paragraph 227.

228.    Intellectual Ventures denies the allegations of Paragraph 228.

229.    Intellectual Ventures denies the allegations of Paragraph 229.

230.    Intellectual Ventures denies the allegations of Paragraph 230.

231.    Intellectual Ventures denies the allegations of Paragraph 231.

232.    Intellectual Ventures denies the allegations of Paragraph 232.

233.    Intellectual Ventures denies the allegations of Paragraph 233.

234.    Intellectual Ventures denies the allegations of Paragraph 234.

235.    Intellectual Ventures denies the allegations of Paragraph 235.

236.    Intellectual Ventures admits on its face that the '785 Patent originated as U.S. Application No. 10/403,818, was filed on March 31, 2003, and does not claim priority to an earlier filing date. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 236.

237.    Intellectual Ventures admits only on its face the allegations of Paragraph 237. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 237.

238.    Intellectual Ventures denies the allegations of Paragraph 238.

239.    Intellectual Ventures admits to the allegations of Paragraph 239.

240.    The allegations of Paragraph 240 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 240.

31

241.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 241, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 241.

242.    The allegations of Paragraph 242 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 242.

243.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 243, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 243.

244.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 244, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 244.

245.    The IPR petition speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 245.

246.    The IPR petition speaks for itself. Intellectual Ventures denies the allegations of Paragraph 246. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 246.

247.    Intellectual Ventures admits the IPR was resolved pursuant to a joint request for termination. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 247.

248.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 248, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 248.

249.    Intellectual Ventures denies the allegations of Paragraph 249.

250.    Intellectual Ventures admits only on its face the allegations of Paragraph 250. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 250.

251.    Intellectual Ventures denies the allegations of Paragraph 251.

252.    Intellectual Ventures denies the allegations of Paragraph 252.

253.    Intellectual Ventures admits only on its face the allegations of Paragraph 253. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 253.

254.    Intellectual Ventures denies the allegations of Paragraph 254. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 254.

255.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 255, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 255.

256.    Intellectual Ventures denies the allegations of Paragraph 256. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 256.

257.    Intellectual Ventures admits only on its face the allegations of Paragraph 257. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 257.

258.    Intellectual Ventures denies the allegations of Paragraph 258. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 258.

259.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 259, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 259.

260.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 260, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 260.

261.    Intellectual Ventures denies the allegations of Paragraph 261.

262.    Intellectual Ventures admits only on its face the allegations of Paragraph 262. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 262.

263.    Intellectual Ventures denies the allegations of Paragraph 263. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 263.

264.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 264, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 264.

265.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 265, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 265.

266.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 266, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 266.

267.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 267, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 267.

268.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 268, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 268.

269.    Intellectual Ventures denies the allegations of Paragraph 269. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 269.

270.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 270, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 270.

271.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 271, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 271.

272.    Intellectual Ventures denies the allegations of Paragraph 272.

273.    Intellectual Ventures denies the allegations of Paragraph 273.

274.    Intellectual Ventures denies the allegations of Paragraph 274.

## COUNT III

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '844 PATENT

275.   Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

276.   Intellectual Ventures admits only that First Horizon is unlicensed to any of the Patents-in-Suit. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 276.

277.   Intellectual Ventures admits Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 277.

278.   Intellectual Ventures admits Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 278.

279.   Intellectual Ventures denies the allegations of Paragraph 279.

280.   Intellectual Ventures admits only on its face the allegations of Paragraph 280. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 280.

281.   Intellectual Ventures denies the allegations of Paragraph 281.

282.   Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 282, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 282.

283.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 283, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 283.

284.    Intellectual Ventures denies the allegations of Paragraph 284.

285.    Intellectual Ventures denies the allegations of Paragraph 285.

286.    Intellectual Ventures denies the allegations of Paragraph 286.

287.    Intellectual Ventures denies the allegations of Paragraph 287.

288.    Intellectual Ventures denies the allegations of Paragraph 288.

289.    Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 289.

290.    Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 290.

## COUNT IV

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '844 PATENT

291.    Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

292.    Intellectual Ventures denies the allegations of Paragraph 292.

293.    Intellectual Ventures denies the allegations of Paragraph 293.

294.    Intellectual Ventures denies the allegations of Paragraph 294.

295.    Intellectual Ventures denies the allegations of Paragraph 295.

296.    Intellectual Ventures admits that the cited case law speak for themselves. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 296.

297.    Intellectual Ventures denies that the '844 Patent fails Alice Step One and is ineligible subject matter under 35 U.S.C. § 101. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 297.

298.    Intellectual Ventures denies the allegations of Paragraph 298.

299.    Intellectual Ventures denies the allegations of Paragraph 299.

300.    Intellectual Ventures denies the allegations of Paragraph 300.

301.    Intellectual Ventures denies the allegations of Paragraph 301.

302.    Intellectual Ventures denies the allegations of Paragraph 302.

303.    Intellectual Ventures denies the allegations of Paragraph 303.

304.    Intellectual Ventures admits that the cited case law speak for themselves. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 304.

305.    Intellectual Ventures denies the allegations of Paragraph 305.

306.    Intellectual Ventures denies the allegations of Paragraph 306.

307.    Intellectual Ventures denies the allegations of Paragraph 307.

308.    Intellectual Ventures denies the allegations of Paragraph 308.

309.    Intellectual Ventures denies the allegations of Paragraph 309.

310.    Intellectual Ventures denies the allegations of Paragraph 310.

311.    Intellectual Ventures denies the allegations of Paragraph 311.

312.    Intellectual Ventures denies the allegations of Paragraph 312.

313.    Intellectual Ventures denies the allegations of Paragraph 313.

314.    Intellectual Ventures admits only on its face the allegations of Paragraph 314. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 314.

315.    Intellectual Ventures admits only on its face the allegations of Paragraph 315. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 315.

316.    Intellectual Ventures admits only on its face the allegations of Paragraph 316. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 316.

317.    Intellectual Ventures denies the allegations of Paragraph 317.

318.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 318, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 318.

319.    The allegations of Paragraph 319 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 319.

320.    Intellectual Ventures admits to the allegations of Paragraph 320.

321.    The allegations of Paragraph 321 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 321.

322.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 322, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 322.

323.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 323, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 323.

324.    The IPR petition speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 324.

325.    The IPR petition speaks for itself. Intellectual Ventures denies the allegations of Paragraph 325. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 325.

326.    Intellectual Ventures admits the IPR was resolved pursuant to a joint request for termination. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 326.

327.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 327, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 327.

328.    Intellectual Ventures denies the allegations of Paragraph 328.

329.    Intellectual Ventures admits only on its face the allegations of Paragraph 329. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 329.

330. Intellectual Ventures denies the allegations of Paragraph 330. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 330.

331. Intellectual Ventures denies the allegations of Paragraph 331.

332. Intellectual Ventures admits only on its face the allegations of Paragraph 332. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 332.

333. Intellectual Ventures denies the allegations of Paragraph 333. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 333.

334. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 334, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 334.

335. Intellectual Ventures admits only on its face the allegations of Paragraph 335. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 335.

336. Intellectual Ventures denies the allegations of Paragraph 336. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 336.

337. Intellectual Ventures denies the allegations of Paragraph 337.

338. Intellectual Ventures admits only on its face the allegations of Paragraph 338. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising

therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 338.

339.    Intellectual Ventures denies the allegations of Paragraph 339. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 339.

340.    Intellectual Ventures denies the allegations of Paragraph 340. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 340.

341.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 341, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 341.

342.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 342, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 342.

343.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 343, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 343.

344.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 344, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 344.

345.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 345, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 345.

346.     Intellectual Ventures denies the allegations of Paragraph 346.

347.     Intellectual Ventures denies the allegations of Paragraph 347.

348.     Intellectual Ventures denies the allegations of Paragraph 348.

## COUNT V

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '722 PATENT

349.     Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

350.     Intellectual Ventures admits only that First Horizon is unlicensed to any of the Patents-in-Suit. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 350.

351.     Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 351.

352.     Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 352.

353.     Intellectual Ventures denies the allegations of Paragraph 353.

354.     Intellectual Ventures admits only on its face the allegations of Paragraph 354. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 354.

355.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 355, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 355.

356.    Intellectual Ventures denies the allegations of Paragraph 356.

357.    Intellectual Ventures denies the allegations of Paragraph 357.

358.    Intellectual Ventures denies the allegations of Paragraph 358.

359.    Intellectual Ventures denies the allegations of Paragraph 359.

360.    Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 360.

361.    Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 361.

## COUNT VI

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '722 PATENT

362.    Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

363.    Intellectual Ventures denies the allegations of Paragraph 363.

364.    Intellectual Ventures denies the allegations of Paragraph 364.

365.    Intellectual Ventures denies the allegations of Paragraph 365.

366.    Intellectual Ventures denies the allegations of Paragraph 366.

367.    Intellectual Ventures denies the allegations of Paragraph 367.

368.    Intellectual Ventures denies the allegations of Paragraph 368.

369.    Intellectual Ventures denies the allegations of Paragraph 369.

370.    Intellectual Ventures denies the allegations of Paragraph 370. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 370.

371.    Intellectual denies the allegations of Paragraph 371.

372.    Intellectual Ventures denies the allegations of Paragraph 372.

373.    Intellectual Ventures denies the allegations of Paragraph 373.

374.    Intellectual Ventures admits only on its face the allegations of Paragraph 374. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 374.

375.    The allegations of Paragraph 375 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 375.

376.    Intellectual Ventures admits only on its face the allegations of Paragraph 376. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 376.

377.    The allegations of Paragraph 377 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 377.

378.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 378, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 378.

379.    Intellectual Ventures denies the allegations of Paragraph 379.

380.    The IPR petition speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 380.

381.    The IPR petition speaks for itself. Intellectual Ventures denies the remaining allegations of Paragraph 381. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 381.

382.    Intellectual Ventures admits the IPR was resolved pursuant to a joint request for termination. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 382.

383.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 383, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 383.

384.    Intellectual Ventures denies the allegations of Paragraph 384.

385.    Intellectual Ventures admits only on its face the allegations of Paragraph 385. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 385.

386.    Intellectual Ventures denies the allegations of Paragraph 386.

387.    Intellectual Ventures denies the allegations of Paragraph 387.

388.    Intellectual Ventures admits only on its face the allegations of Paragraph 388. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 388.

389.    Intellectual Ventures denies the allegations of Paragraph 389. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 389.

390.    Intellectual Ventures denies the allegations of Paragraph 390.

391.    Intellectual Ventures denies the allegations of Paragraph 391.

392.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 392, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 392.

393.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 393, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 393.

394.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 394, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 394.

395.    Intellectual Ventures denies the allegations of Paragraph 395. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 395.

396.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 396, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 396.

397.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 397, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 397.

398.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 398, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 398.

399.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 399, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 399.

400.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 400, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 400.

401.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 401, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 401.

402.    Intellectual Ventures admits only on its face the allegations of Paragraph 402. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 402.

403.    Intellectual Ventures denies the allegations of Paragraph 403. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 403.

404.    Intellectual Ventures denies the allegations of Paragraph 404. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 404.

405. Intellectual Ventures admits only on its face the allegations of Paragraph 405. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 405.

406. Intellectual Ventures denies the allegations of Paragraph 406. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 406.

407. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 407, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 407.

408. Intellectual Ventures denies the allegations of Paragraph 408. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 408.

409. Intellectual Ventures admits only on its face the allegations of Paragraph 409. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 409.

410. Intellectual Ventures denies the allegations of Paragraph 410. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 410.

411. Intellectual Ventures denies the allegations of Paragraph 411. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 411.

412.    Intellectual Ventures admits only on its face the allegations of Paragraph 412. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 412.

413.    Intellectual Ventures denies the allegations of Paragraph 413. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 413.

414.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 414, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 414.

415.    Intellectual Ventures denies the allegations of Paragraph 415. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 415.

416.    Intellectual Ventures denies the allegations of Paragraph 416.

417.    Intellectual Ventures denies the allegations of Paragraph 417.

418.    Intellectual Ventures denies the allegations of Paragraph 418.

419.    Intellectual Ventures denies the allegations of Paragraph 419.

420.    Intellectual Ventures denies the allegations of Paragraph 420.

**COUNT VII**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '391 PATENT**

421.    Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

50

422.    On information and belief, subsequent to initial communications between the parties, Intellectual Ventures' licensing activity has resulted in the First Horizon products at issue becoming licensed and Intellectual Ventures is not aware of any unlicensed '391 Accused Products from First Horizon. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 422.

423.    Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 423.

424.    Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 424.

425.    Intellectual Ventures denies the allegations of Paragraph 425.

426.    Intellectual Ventures admits only on its face the allegations of Paragraph 426. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 426.

427.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 427. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 427.

428.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 428. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 428.

429.     Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 429, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 429.

430.     On information and belief, subsequent to initial communications between the parties, Intellectual Ventures' licensing activity has resulted in the First Horizon products at issue becoming licensed and Intellectual Ventures is not aware of any unlicensed '391 Accused Products from First Horizon. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 430.

431.     On information and belief, subsequent to initial communications between the parties, Intellectual Ventures' licensing activity has resulted in the First Horizon products at issue becoming licensed and Intellectual Ventures is not aware of any unlicensed '391 Accused Products from First Horizon. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 431.

432.     Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 432.

433.     Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 433.

**COUNT VIII**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '391 PATENT**

434.     Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

52

435.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 435, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 435.

436.    Intellectual Ventures denies the allegations in Paragraph 436.

437.    Intellectual Ventures denies the allegations in Paragraph 437.

438.    Intellectual Ventures denies the allegations in Paragraph 438.

439.    Intellectual Ventures admits that the cited case law speak for themselves. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 439.

440.    Intellectual Ventures denies that the '391 Patent fails Alice Step One and is ineligible subject matter under 35 U.S.C. § 101. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 440.

441.    Intellectual Ventures denies the allegations in Paragraph 441.

442.    Intellectual Ventures denies the allegations in Paragraph 442.

443.    Intellectual Ventures denies the allegations in Paragraph 443.

444.    Intellectual Ventures denies the allegations in Paragraph 444.

445.    Intellectual Ventures denies the allegations of Paragraph 445.

446.    Intellectual Ventures denies the allegations in Paragraph 446.

447.    Intellectual Ventures denies the allegations in Paragraph 447.

448.    Intellectual Ventures denies the allegations in Paragraph 448.

449.    Intellectual Ventures denies the allegations in Paragraph 449.

450.    Intellectual Ventures denies the allegations in Paragraph 450.

451.    Intellectual Ventures denies the allegations in Paragraph 451.

452.    Intellectual Ventures denies the allegations in Paragraph 452.

453.    Intellectual Ventures denies the allegations in Paragraph 453.

454.    Intellectual Ventures denies the allegations in Paragraph 454.

455.    Intellectual Ventures denies the allegations in Paragraph 455.

456.    Intellectual Ventures denies the allegations in Paragraph 456.

457.    Intellectual Ventures denies the allegations of Paragraph 457.

458.    Intellectual Ventures admits to the allegations of Paragraph 458.

459.    Intellectual Ventures admits to the allegations of Paragraph 459.

460.    Intellectual Ventures admits to the allegations of Paragraph 460.

461.    Intellectual Ventures admits only on its face the allegations of Paragraph 461. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 461.

462.    Intellectual Ventures admits only on its face the allegations of Paragraph 462. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 462.

463.    Intellectual Ventures admits only on its face the allegations of Paragraph 463. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 463.

464.    Intellectual Ventures admits only on its face the allegations of Paragraph 464. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising

therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 464.

465. Intellectual Ventures admits only on its face the allegations of Paragraph 465. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 465.

466. Intellectual Ventures denies the allegations of Paragraph 466.

467. Intellectual Ventures admits only on its face the allegations of Paragraph 467. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 467.

468. The allegations of Paragraph 468 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 468.

469. Intellectual Ventures admits to the allegations of Paragraph 469.

470. Intellectual Ventures admits only on its face the allegations of Paragraph 470. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 470.

471. Intellectual Ventures admits to the allegations of Paragraph 471.

472. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 472, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 472.

473.    Intellectual Ventures admits only on its face the allegations of Paragraph 473. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 473.

474.    The allegations of Paragraph 474 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 474.

475.    Intellectual Ventures admits to the allegations of Paragraph 475.

476.    Intellectual Ventures admits only on its face the allegations of Paragraph 476. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 476.

477.    Intellectual Ventures admits to the allegations of Paragraph 477.

478.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 478, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 478.

479.    Intellectual Ventures admits only on its face the allegations of Paragraph 479. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 479.

480.    The allegations of Paragraph 480 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 480.

481.    Intellectual Ventures denies the allegations of Paragraph 481.

482.    Intellectual Ventures denies the allegations of Paragraph 482.

483.    Intellectual Ventures admits only on its face the allegations of Paragraph 483. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 483.

484.    Intellectual Ventures denies the allegations of Paragraph 484.

485.    Intellectual Ventures denies the allegations of Paragraph 485.

486.    Intellectual Ventures denies the allegations of Paragraph 486.

487.    Intellectual Ventures admits only on its face the allegations of Paragraph 487. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 487.

488.    Intellectual Ventures denies the allegations of Paragraph 488. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 488.

489.    Intellectual Ventures denies the allegations of Paragraph 489. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 489.

490.    Intellectual Ventures denies the allegations of Paragraph 490. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 490.

491.    Intellectual Ventures admits only on its face the allegations of Paragraph 491. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising

therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 491.

492.    Intellectual Ventures denies the allegations of Paragraph 492. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 492.

493.    Intellectual Ventures denies the allegations of Paragraph 493. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 493.

494.    Intellectual Ventures denies the allegations of Paragraph 494. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 494.

495.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 495, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 495.

496.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 496, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 496.

497.    Intellectual Ventures admits only on its face the allegations of Paragraph 497. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 497.

498.    Intellectual Ventures denies the allegations of Paragraph 498. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 498.

499.    Intellectual Ventures denies the allegations of Paragraph 499. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 499.

500.    Intellectual Ventures denies the allegations of Paragraph 500. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 500.

501.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 501, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 501.

502.    Intellectual Ventures denies the allegations of Paragraph 502.

503.    Intellectual Ventures denies the allegations of Paragraph 503.

504.    Intellectual Ventures denies the allegations of Paragraph 504.

505.    Intellectual Ventures denies the allegations of Paragraph 505.

506.    Intellectual Ventures denies the allegations of Paragraph 506.

507.    Intellectual Ventures denies the allegations of Paragraph 507.

508.    Intellectual Ventures denies the allegations of Paragraph 508.

## COUNT IX

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '862 PATENT

509.    Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

59

510. On information and belief, subsequent to initial communications between the parties, Intellectual Ventures' licensing activity has resulted in the First Horizon products at issue becoming licensed and Intellectual Ventures is not aware of any unlicensed '862 Accused Products from First Horizon. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 510.

511. Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 511.

512. Intellectual Ventures admits that Mr. Joroff sent a letter to First Horizon on September 23, 2024, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 512.

513. Intellectual Ventures denies the allegations of Paragraph 513.

514. Intellectual Ventures denies the allegations of Paragraph 514.

515. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 515. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 515.

516. On information and belief, subsequent to initial communications between the parties, Intellectual Ventures' licensing activity has resulted in the First Horizon products at issue becoming licensed and Intellectual Ventures is not aware of any unlicensed '862 Accused Products from First Horizon. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 516.

517. On information and belief, subsequent to initial communications between the parties, Intellectual Ventures' licensing activity has resulted in the First Horizon products at issue

becoming licensed and Intellectual Ventures is not aware of any unlicensed '862 Accused Products from First Horizon. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 517.

518. Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 518.

519. Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 519.

## COUNT X

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '862 PATENT

520. Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

521. Intellectual Ventures denies the allegations of Paragraph 521.

522. Intellectual Ventures denies the allegations of Paragraph 522.

523. Intellectual Ventures denies the allegations of Paragraph 523.

524. Intellectual Ventures denies the allegations of Paragraph 524.

525. Intellectual Ventures admits that the cited case law speak for themselves. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 525.

526. Intellectual Ventures denies that the '862 Patent fails Alice Step One and is ineligible subject matter under 35 U.S.C. § 101. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 526.

527. Intellectual Ventures denies the allegations of Paragraph 527.

528.    Intellectual Ventures denies the allegations in Paragraph 528.

529.    Intellectual Ventures denies the allegations in Paragraph 529.

530.    Intellectual Ventures denies the allegations in Paragraph 530.

531.    Intellectual Ventures denies the allegations in Paragraph 531.

532.    Intellectual Ventures denies the allegations in Paragraph 532.

533.    Intellectual Ventures denies the allegations of Paragraph 533.

534.    Intellectual Ventures denies the allegations of Paragraph 534.

535.    Intellectual Ventures denies the allegations of Paragraph 535.

536.    Intellectual Ventures denies the allegations of Paragraph 536.

537.    Intellectual Ventures denies the allegations in Paragraph 537.

538.    Intellectual Ventures denies the allegations of Paragraph 538.

539.    Intellectual Ventures denies the allegations of Paragraph 539.

540.    Intellectual Ventures denies the allegations of Paragraph 540.

541.    Intellectual Ventures admits that on its face, the '862 Patent originated as U.S. Application No. 11/141,837 and was filed on June 1, 2005. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 541.

542.    Intellectual Ventures admits only on its face the allegations of Paragraph 542. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 542.

543.    Intellectual Ventures admits only on its face the allegations of Paragraph 543. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising

therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 543.

544. Intellectual Ventures admits on its face the allegations of Paragraph 544. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 544.

545. Intellectual Ventures denies the allegations of Paragraph 545.

546. Intellectual Ventures admits on its face, the allegations of Paragraph 546. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 546.

547. The allegations of Paragraph 547 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 547.

548. Intellectual Ventures admits on its face the allegations of Paragraph 548. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 548.

549. The allegations of Paragraph 549 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 549.

550. Intellectual Ventures admits on its face the allegations of Paragraph 550. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 550.

551. The allegations of Paragraph 551 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 551.

552. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 552, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 552.

553. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 553, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 553.

554. Intellectual Ventures admits only on its face the allegations of Paragraph 554. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 554.

555. Intellectual Ventures denies the allegations of Paragraph 555.

556. Intellectual Ventures denies the allegations of Paragraph 556.

557. Intellectual Ventures denies the allegations of Paragraph 557.

558. Intellectual Ventures admits only on its face the allegations of Paragraph 558. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 558.

559. Intellectual Ventures denies the allegations of Paragraph 559. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 559.

560.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 560, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 560.

561.    Intellectual Ventures denies the allegations of Paragraph 561. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 561.

562.    Intellectual Ventures denies the allegations of Paragraph 562. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 562.

563.    Intellectual Ventures admits only on its face the allegations of Paragraph 563. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 563.

564.    Intellectual Ventures denies the allegations of Paragraph 564. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 564.

565.    Intellectual Ventures denies the allegations of Paragraph 565. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 565.

566.    Intellectual Ventures denies the allegations of Paragraph 566. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 566.

567.    Intellectual Ventures admits only on its face the allegations of Paragraph 567. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 567.

568.    Intellectual Ventures denies the allegations of Paragraph 568. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 568.

569.    Intellectual Ventures denies the allegations of Paragraph 569. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 569.

570.    Intellectual Ventures denies the allegations of Paragraph 570. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 570.

571.    Intellectual Ventures admits only on its face the allegations of Paragraph 571. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 571.

572.    Intellectual Ventures denies the allegations of Paragraph 572. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 572.

573.    Intellectual Ventures denies the allegations of Paragraph 573. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 573.

574.    Intellectual Ventures denies the allegations of Paragraph 574. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 574.

575.    Intellectual Ventures admits only on its face the allegations of Paragraph 575. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 575.

576.    Intellectual Ventures denies the allegations of Paragraph 576. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 576.

577.    Intellectual Ventures denies the allegations of Paragraph 577. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 577.

578.    Intellectual Ventures denies the allegations of Paragraph 578. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 578.

579.    Intellectual Ventures admits only on its face the allegations of Paragraph 579. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 579.

580.    Intellectual Ventures denies the allegations of Paragraph 580. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 580.

581.    Intellectual Ventures denies the allegations of Paragraph 581. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 581.

582.    Intellectual Ventures denies the allegations of Paragraph 582. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 582.

583.    Intellectual Ventures denies the allegations of Paragraph 583.

584.    Intellectual Ventures denies the allegations of Paragraph 584.

585.    Intellectual Ventures denies the allegations of Paragraph 585.

586.    Intellectual Ventures denies the allegations of Paragraph 586.

587.    Intellectual Ventures denies the allegations of Paragraph 587.

588.    Intellectual Ventures denies the allegations of Paragraph 588.

589.    Intellectual Ventures denies the allegations of Paragraph 589.

## COUNT XI

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '584 PATENT

590.    Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

591.    Intellectual Ventures admits only that First Horizon is unlicensed to any of the Patents-in-Suit. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 591.

592.    Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 592.

593.    Intellectual Ventures denies the allegations of Paragraph 593.

594.    Intellectual Ventures admits only on its face the allegations of Paragraph 594. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 594.

595.    Intellectual Ventures denies the allegations of Paragraph 595.

596.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 596, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 596.

597.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 597, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 597.

598.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 598, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 598.

599.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 599, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 599.

600.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 600, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 600.

601.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 601, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 601.

602.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 602, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 602.

603.    Intellectual Ventures denies the allegations of Paragraph 603.

604.    Intellectual Ventures denies the allegations of Paragraph 604.

605.    Intellectual Ventures denies the allegations of Paragraph 605.

606.    Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 606.

607.    Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 607.

## COUNT XII

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '584 PATENT

608.    Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

609.    Intellectual Ventures denies the allegations of Paragraph 609.

610.    Intellectual Ventures denies the allegations of Paragraph 610.

611.    Intellectual Ventures denies the allegations of Paragraph 611.

612.    Intellectual Ventures denies the allegations of Paragraph 612.

613. Intellectual Ventures admits that the cited case law speak for themselves. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 613.

614. Intellectual Ventures denies that the '584 Patent fails Alice Step One and is ineligible subject matter under 35 U.S.C. § 101. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 614.

615. Intellectual Ventures denies the allegations in Paragraph 615.

616. Intellectual Ventures denies the allegations in Paragraph 616.

617. Intellectual Ventures denies the allegations in Paragraph 617.

618. Intellectual Ventures denies the allegations in Paragraph 618.

619. Intellectual Ventures denies the allegations in Paragraph 619.

620. Intellectual Ventures denies the allegations in Paragraph 620.

621. Intellectual Ventures denies the allegations in Paragraph 621.

622. Intellectual Ventures denies the allegations of Paragraph 622.

623. Intellectual Ventures denies the allegations in Paragraph 623.

624. Intellectual Ventures denies the allegations in Paragraph 624.

625. Intellectual Ventures denies the allegations of Paragraph 625.

626. Intellectual Ventures denies the allegations in Paragraph 626.

627. Intellectual Ventures denies the allegations of Paragraph 627.

628. Intellectual Ventures denies the allegations of Paragraph 628.

629. Intellectual Ventures denies the allegations of Paragraph 629.

630. Intellectual Ventures admits on its face that the '584 Patent originated U.S. Application No. 12/894,664 and was filed on September 30, 2010. Intellectual Ventures denies

any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 630.

631.    Intellectual Ventures admits on its face the allegations of Paragraph 631. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 631.

632.    Intellectual Ventures admits on its face the allegations of Paragraph 632. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 632.

633.    Intellectual Ventures denies the allegations of Paragraph 633.

634.    Intellectual Ventures admits on its face the allegations of Paragraph 634. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 634.

635.    The allegations of Paragraph 635 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 635.

636.    Intellectual Ventures admits on its face the allegations of Paragraph 636. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 636.

637.    The allegations of Paragraph 637 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 637.

638.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 638, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 638.

639.    Intellectual Ventures denies the allegations of Paragraph 639.

640.    Intellectual Ventures admits only on its face the allegations of Paragraph 640. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 640.

641.    Intellectual Ventures denies the allegations of Paragraph 641.

642.    Intellectual Ventures denies the allegations of Paragraph 642.

643.    Intellectual Ventures admits only on its face the allegations of Paragraph 643. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 643.

644.    Intellectual Ventures denies the allegations of Paragraph 644. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 644.

645.    The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 645.

646.    Intellectual Ventures denies the allegations of Paragraph 646. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 646.

647.    Intellectual Ventures admits only on its face the allegations of Paragraph 647. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 647.

648.    Intellectual Ventures denies the allegations of Paragraph 648. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 648.

649.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 649, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 649.

650.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 650, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 650.

651.    Intellectual Ventures denies the allegations of Paragraph 651. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 651.

652.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 652, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 652.

653.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 653, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 653.

654. Intellectual Ventures admits only on its face the allegations of Paragraph 654. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 654.

655. Intellectual Ventures denies the allegations of Paragraph 655. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 655.

656. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 656, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 656.

657. Intellectual Ventures denies the allegations of Paragraph 657. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 657.

658. Intellectual Ventures admits only on its face the allegations of Paragraph 658. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 658.

659. Intellectual Ventures denies the allegations of Paragraph 659. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 659.

660. Intellectual Ventures denies the allegations of Paragraph 660. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 660.

661. Intellectual Ventures denies the allegations of Paragraph 661.

662. Intellectual Ventures denies the allegations of Paragraph 662.

663. Intellectual Ventures denies the allegations of Paragraph 663.

664. Intellectual Ventures denies the allegations of Paragraph 664.

665. Intellectual Ventures denies the allegations of Paragraph 665.

666. Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

667. Intellectual Ventures admits only that First Horizon is unlicensed to any of the Patents-in-Suit. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 667.

668. Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 668.

669. Intellectual Ventures denies the allegations of Paragraph 669.

670. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 670, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 670.

671. Intellectual Ventures does not accuse any other technology used by First Horizon of infringing any claim of the '967 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 671.

672. Intellectual Ventures denies the allegations of Paragraph 672.

673. On information and belief, Intellectual Ventures denies the allegations of Paragraph 673.

674. On information and belief, Intellectual Ventures denies the allegations of Paragraph 674.

675. Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 675.

676. Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 676.

## COUNT XIV

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '967 PATENT

677. Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

678. Intellectual Ventures denies the allegations of Paragraph 678.

679. Intellectual Ventures denies the allegations of Paragraph 679.

680. Intellectual Ventures denies the allegations of Paragraph 680.

681. Intellectual Ventures denies the allegations of Paragraph 681.

682. Intellectual Ventures admits that the cited case law speak for themselves. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 682.

683. Intellectual Ventures denies that the '967 Patent fails Alice Step One and is ineligible subject matter under 35 U.S.C. § 101. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 683.

684. Intellectual Ventures denies the allegations in Paragraph 684.

685. Intellectual Ventures denies the allegations of Paragraph 685.

686.    Intellectual Ventures denies the allegations of Paragraph 686.

687.    Intellectual Ventures denies the allegations of Paragraph 687.

688.    Intellectual Ventures denies the allegations of Paragraph 688.

689.    Intellectual Ventures denies the allegations of Paragraph 689.

690.    Intellectual Ventures denies the allegations of Paragraph 690.

691.    Intellectual Ventures denies the allegations of Paragraph 691.

692.    Intellectual Ventures denies the allegations of Paragraph 692.

693.    Intellectual Ventures denies the allegations of Paragraph 693.

694.    Intellectual Ventures denies the allegations of Paragraph 694.

695.    Intellectual Ventures denies the allegations of Paragraph 695.

696.    Intellectual Ventures denies the allegations of Paragraph 696.

697.    Intellectual Ventures denies the allegations of Paragraph 697.

698.    Intellectual Ventures denies the allegations of Paragraph 698.

699.    Intellectual Ventures admits on its face the allegations of Paragraph 699. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 699.

700.    Intellectual Ventures admits on its face the allegations of Paragraph 700. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 700.

701.    Intellectual Ventures admits on its face the allegations of Paragraph 701. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising

therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 701.

702.    Intellectual Ventures admits on its face the allegations of Paragraph 702. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 702.

703.    Intellectual Ventures denies the allegations of Paragraph 703.

704.    Intellectual Ventures admits on its face the allegations of Paragraph 704. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 704.

705.    The allegations of Paragraph 705 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 705.

706.    Intellectual Ventures admits on its face the allegations of Paragraph 706. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 706.

707.    The allegations of Paragraph 707 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 707.

708.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 708, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 708.

709.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 709, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 709.

710.    Intellectual Ventures admits that on its face, Claim 1 of the '967 Patent recites: "[a] method for deleting files on one or more identified information source client computing devices across an organization, comprising." Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 710.

711.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 711, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 711.

712.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 712, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 712.

713.    Intellectual Ventures admits that on its face, Claim 1 of the '967 Patent recites "receiving a request for a file located internal to the organization to be deleted." Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 713.

714.    Intellectual Ventures denies the allegations of Paragraph 714. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 714.

715.    Intellectual Ventures denies the allegations of Paragraph 715. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 715.

716.    Intellectual Ventures admits that on its face, Claim 1 of the '967 Patent claims "generating a content signature for the requested file to be deleted, wherein the content signature uniquely identifies content of the requested file to be deleted." Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 716.

717.    Intellectual Ventures denies the allegations of Paragraph 717. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 717.

718.    Intellectual Ventures denies the allegations of Paragraph 718. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 718.

719.    Intellectual Ventures admits that on its face, Claim 1 of the '967 Patent claims "identifying, at a server within the organization, a stored content signature that is identical to the content signature of the file to be deleted and locations of information source client computing devices within the organization that contain files whose content signatures are identical to the stored content signature, wherein the locations are identified based on stored metadata associated with the stored content signature, and wherein the stored content signature and the stored metadata are each stored on a server within the organization." Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 719.

720.    Intellectual Ventures denies the allegations of Paragraph 720. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 720.

721.    Intellectual Ventures denies the allegations of Paragraph 721. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 721.

722.    Intellectual Ventures admits that on its face, Claim 1 of the '967 Patent claims "transmitting a delete instruction to the identified locations of the information source client computing devices within the organization, wherein the delete instruction automatically deletes the matching files residing on each of the information source client computing devices." Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 722.

723.    Intellectual Ventures denies the allegations of Paragraph 723. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 723.

724.    Intellectual Ventures denies the allegations of Paragraph 724. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 724.

725.    Intellectual Ventures admits that on its face, Claim 1 of the '967 Patent claims "generating a deletion report comprising the information source client computing devices on which the file to be deleted was found and deletion status of the file to be deleted on the information 232 source client computing devices". Intellectual Ventures denies any substantive allegations, legal

82

conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 725.

726.    Intellectual Ventures denies the allegations of Paragraph 726. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 726.

727.    Intellectual Ventures denies the allegations of Paragraph 727. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 727.

728.    Intellectual Ventures denies the allegations of Paragraph 728.

729.    Intellectual Ventures denies the allegations of Paragraph 729.

730.    Intellectual Ventures denies the allegations of Paragraph 730.

731.    Intellectual Ventures denies the allegations of Paragraph 731.

732.    Intellectual Ventures denies the allegations of Paragraph 732.

## COUNT XV

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '894 PATENT

733.    Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

734.    Intellectual Ventures admits only that First Horizon is unlicensed to any of the Patents-in-Suit. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 734.

735.    Intellectual Ventures admits that counsel sent a letter to First Horizon on October 16, 2025, which speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 735.

736.    Intellectual Ventures denies the allegations of Paragraph 736.

737.    Intellectual Ventures admits only that on its face, claim 15 of the '894 Patent, which depends from independent claim 8, and claim 8 recites "an organizational structure of the plurality of resource nodes based on the received node names." Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 737.

738.    Intellectual Ventures admits that on its face, U.S. Pat. No. RE48,894 states: "[t]hrough structured naming, resource consumers determine the overall structure of a disaggregated resource…." Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 738.

739.    Intellectual Ventures denies the allegations of Paragraph 739.

740.    Intellectual Ventures denies the allegations of Paragraph 740.

741.    Intellectual Ventures denies the allegations of Paragraph 741.

742.    Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 742.

743.    Intellectual Ventures admits only that First Horizon seeks a declaration of non-infringement, but denies that First Horizon is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 743.

## COUNT XVI

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '894 PATENT

744.    Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

745.    Intellectual Ventures denies the allegations of Paragraph 745.

746.    Intellectual Ventures denies the allegations of Paragraph 746.

747.    Intellectual Ventures denies the allegations of Paragraph 747.

748.    Intellectual Ventures denies the allegations of Paragraph 748.

749.    Intellectual Ventures admits that the cited case law speak for themselves. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 749.

750.    Intellectual Ventures denies that the '894 Patent fails Alice Step One and is ineligible subject matter under 35 U.S.C. § 101. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 750.

751.    Intellectual Ventures denies the allegations of Paragraph 751.

752.    Intellectual Ventures denies the allegations of Paragraph 752.

753.    Intellectual Ventures denies the allegations of Paragraph 753.

754.    Intellectual Ventures denies the allegations of Paragraph 754.

755.    Intellectual Ventures denies the allegations of Paragraph 755.

756.    Intellectual Ventures denies the allegations of Paragraph 756.

757.    Intellectual Ventures denies the allegations of Paragraph 757.

758.    Intellectual Ventures denies the allegations of Paragraph 758.

759.    Intellectual Ventures denies the allegations of Paragraph 759.

760.    Intellectual Ventures denies the allegations of Paragraph 760.

761.    Intellectual Ventures denies the allegations of Paragraph 761.

762.    Intellectual Ventures denies the allegations of Paragraph 762.

763.    Intellectual Ventures denies the allegations of Paragraph 763.

764.    Intellectual Ventures denies the allegations of Paragraph 764.

765.    Intellectual Ventures denies the allegations of Paragraph 765.

766.    Intellectual Ventures admits that on its face, the '894 Patent originated from U.S. Application No. 16/422,873 and was filed on May 24, 2019. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 766.

767.    Intellectual Ventures admits that on its face, the '894 Patent claims to be a reissue of U.S. 8,819,092 bearing U.S. Application No. 11/205,895 and U.S. Application No. 11/205,895 was filed on August 16, 2005. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 767.

768.    Intellectual Ventures admits that on its face, The '894 Patent, and specifically U.S. Application No. 16/422,873, claims to be a continuation of U.S. RE47,411 bearing U.S. Application No. 15/247,779 and U.S. Application No. 15/247,779 was filed on August 25, 2016. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 768.

769.    Intellectual Ventures admits that on its face, U.S. RE47,411 also claims to be a reissue of U.S. 8,819,092 bearing U.S. Application No. 11/205,895. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 769.

770.    Intellectual Ventures admits that on its face, Claim 15 of the '894 Patent is a dependent claim that depends from independent claim 8. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 770.

771.    Intellectual Ventures admits only that on its face, Claim 8 of the '894 Patent reads as follows. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 771.

772.    Intellectual Ventures admits only on its face the allegations of Paragraph 772. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 772.

773.    Intellectual Ventures denies the allegations of Paragraph 773.

774.    Intellectual Ventures admits on its face the allegations of Paragraph 774. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 774.

775.    The allegations of Paragraph 775 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 775.

776.    Intellectual Ventures admits on its face, the allegations of Paragraph 776. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 776.

777.    The allegations of Paragraph 777 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 777.

778.    Intellectual Ventures admits on its face, the allegations of Paragraph 778. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 778.

779.    The allegations of Paragraph 779 call for a legal conclusion. Intellectual Ventures therefore denies the allegations of Paragraph 779.

780.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 780, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 780.

781.    Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 781, and therefore denies them. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 781.

782.    Intellectual Ventures admits only on its face the allegations of Paragraph 782. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 782.

783.    Intellectual Ventures denies the allegations of Paragraph 783.

784.    Intellectual Ventures denies the allegations of Paragraph 784.

785.    Intellectual Ventures denies the allegations of Paragraph 785.

786.    Intellectual Ventures admits only on its face the allegations of Paragraph 786. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising

therefrom. Except as expressly admitted, Intellectual Ventures otherwise denies the remaining allegations of Paragraph 786.

787.    Intellectual Ventures denies the allegations of Paragraph 787. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 787.

788.    Intellectual Ventures denies the allegations of Paragraph 788. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 788.

789.    Intellectual Ventures denies the allegations of Paragraph 789. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 789.

790.    Intellectual Ventures admits only on its face the allegations of Paragraph 790. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 790.

791.    Intellectual Ventures denies the allegations of Paragraph 791. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 791.

792.    Intellectual Ventures denies the allegations of Paragraph 792. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 792.

793. Intellectual Ventures denies the allegations of Paragraph 793. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 793.

794. Intellectual Ventures admits only on its face the allegations of Paragraph 794. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 794.

795. Intellectual Ventures denies the allegations of Paragraph 795. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 795.

796. Intellectual Ventures denies the allegations of Paragraph 796. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 796.

797. Intellectual Ventures denies the allegations of Paragraph 797. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 797.

798. Intellectual Ventures admits only on its face the allegations of Paragraph 798. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 798.

799. Intellectual Ventures denies the allegations of Paragraph 799. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 799.

800.    Intellectual Ventures denies the allegations of Paragraph 800. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 800.

801.    Intellectual Ventures denies the allegations of Paragraph 801. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 801.

802.    Intellectual Ventures admits only on its face the allegations of Paragraph 802. Intellectual Ventures denies any substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 802.

803.    Intellectual Ventures denies the allegations of Paragraph 803. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 803.

804.    Intellectual Ventures denies the allegations of Paragraph 804. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 804.

805.    Intellectual Ventures denies the allegations of Paragraph 805. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 805.

806.    Intellectual Ventures denies the allegations of Paragraph 806. The reference speaks for itself. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 806.

807.    Intellectual Ventures denies the allegations of Paragraph 807.

808. Intellectual Ventures denies the allegations of Paragraph 808.

809. Intellectual Ventures denies the allegations of Paragraph 809.

810. Intellectual Ventures denies the allegations of Paragraph 810.

811. Intellectual Ventures denies the allegations of Paragraph 811.

812. Intellectual Ventures denies the allegations of Paragraph 812.

## VII. PRAYER FOR RELIEF

813. Intellectual Ventures hereby incorporates by reference the foregoing Paragraphs of this Answer as if fully set forth herein. Intellectual Ventures denies that First Horizon is entitled to the relief requested in Paragraphs 1-21 of its Prayer for Relief and denies the allegations therein.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Intellectual Ventures I and Intellectual Ventures II contend and assert the following affirmative and other defenses in response to the allegations in the Amended Complaint. By asserting these defenses, Intellectual Ventures does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Intellectual Ventures' investigation of its defenses is continuing, and Intellectual Ventures reserves the right to amend its Answer to allege and assert any additional affirmative defenses, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## FIRST DEFENSE

### (Failure to State a Claim Upon Which Relief May Be Granted)

First Horizon's Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Failure to Allege a Sufficient Case or Controversy)

First Horizon's Amended Complaint fails to allege a sufficient case or controversy.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Intellectual Ventures hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## COUNTERCLAIMS FOR PATENT INFRINGEMENT

Counterclaim-Plaintiffs Intellectual Ventures I and Intellectual Ventures II (collectively "Intellectual Ventures") for their counterclaims allege against Plaintiff First Horizon Bank ("First Horizon"), alleges:

## THE PARTIES

1.      Intellectual Ventures I is a Delaware limited liability company having its principal place of business located at 14360 SE Eastgate Way, Bellevue, Washington 98007.

2.      Intellectual Ventures II is a Delaware limited liability company having its principal place of business located at 14360 SE Eastgate Way, Bellevue, Washington 98007.

3.      Intellectual Ventures I is the owner of all rights, title, and interest in United States Patent Nos. 7,949,785 (the "'785 Patent"); and 8,407,722 (the "'722 Patent"); and RE48,894 ("'894 Patent").

4.      Intellectual Ventures II is the owner of all rights, title, and interest in United States Patent Nos. 8,332,844 (the "'844 Patent"); 7,822,841 (the "'841 Patent"); and 8,352,584 (the "'584 Patent").

93

5. First Horizon is a regional financial services company organized and existing under the laws of the state of Tennessee having its principal place of business at 165 Madison Avenue, Memphis, Tennessee, 38103.

## JURISDICTION AND VENUE

6. Intellectual Ventures I and Intellectual Ventures II bring this action for patent infringement pursuant to 35 U.S.C. § 271, et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## FACTUAL BACKGROUND

7. Intellectual Ventures Management, LLC ("Intellectual Ventures Management") was founded in 2000. Since then, Intellectual Ventures Management has been involved in the business of inventing. Intellectual Ventures Management facilitates invention by inventors and the filing of patent applications for those inventions, collaboration with others to develop and patent inventions, and the acquisition and licensing of patents from individual inventors, universities, corporations, and other institutions. A significant aspect of Intellectual Ventures Management's business is managing the Counterclaim-Plaintiffs in this case, Intellectual Ventures I and Intellectual Ventures II.

8. One of the founders of Intellectual Ventures Management is Nathan Myhrvold, who worked at Microsoft from 1986 until 2000 in a variety of executive positions, culminating in his appointment as the company's first Chief Technology Officer ("CTO") in 1996. While at Microsoft, Dr. Myhrvold founded Microsoft Research in 1991 and was one of the world's foremost software experts. Between 1986 and 2000, Microsoft became the world's largest technology company.

9.       Under Dr. Myhrvold's leadership, funds managed by Intellectual Ventures Management acquired more than 70,000 patents covering many important inventions used in the airline and avionics industries.

10.      First Horizon offers various types of financial related services and technologies to its customers, partners, vendors, and/or third parties. First Horizon's products and services utilize and/or support various technologies, including but not limited to backend cloud technologies such as Kubernetes, Docker, and Kafka.

**THE PATENTS-IN-SUIT**

*U.S. Patent No. 7,822,841*

11.      On October 26, 2010, the PTO issued the '841 Patent, titled "Method and System for Hosting Multiple, Customized Computing Clusters." The '841 Patent is valid and enforceable. A copy of the '841 Patent is attached as Exhibit 1.

12.      Intellectual Ventures II LLC is the owner of all rights, title, and interest in and to the '841 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '841 Patent.

*U.S. Patent No. 7,949,785*

13.      On May 24, 2011, the PTO issued the '785 Patent, titled "Secure Virtual Community Network System." The '785 Patent is valid and enforceable. A copy of the '785 Patent is attached as Exhibit 2.

14.      Intellectual Ventures I is the owner of all rights, title, and interest in and to the '785 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '785 Patent.

95

*U.S. Patent No. 8,332,844*

15.    On December 11, 2012, the PTO issued the '844 Patent, titled "Root Image Caching and Indexing for Block-Level Distributed Application Management." The '844 Patent is valid and enforceable. A copy of the '844 Patent is attached as Exhibit 3.

16.    Intellectual Ventures II is the owner of all rights, title, and interest in and to the '844 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '844 Patent.

*U.S. Patent No. 8,352,584*

17.    On January 8, 2013, the PTO issued the '584 Patent, titled "Systems for Hosting Customized Computing Clusters." The '584 Patent is valid and enforceable. A copy of the '584 Patent is attached as Exhibit 4.

18.    Intellectual Ventures II LLC is the owner of all rights, title, and interest in and to the '584 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '584 Patent.

*U.S. Patent No. 8,407,722*

19.    On March 26, 2013, the PTO issued the '722 Patent, titled "Asynchronous Messaging Using a Node Specialization Architecture in the Dynamic Routing Network." The '722 Patent is valid and enforceable. A copy of the '722 Patent is attached as Exhibit 5.

20.    Intellectual Ventures I is the owner of all rights, title, and interest in and to the '722 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '722 Patent.

*U.S. Reissue Patent RE48,894*

21.     On January 11, 2022, the PTO issued the '894 Patent, titled "Disaggregated Resources and Access Methods." The '894 Patent is valid and enforceable. A copy of the '894 Patent is attached as Exhibit 6.

22.     Intellectual Ventures I is the owner of all rights, title, and interest in and to the '894 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '894 Patent.

## COUNTERCLAIM COUNT I

(First Horizon's Infringement of U.S. Patent No. 7,822,841)

23.     Paragraphs 1 through 22 of Intellectual Ventures' counterclaims are incorporated by reference as if fully set forth herein.

24.     **Direct Infringement**. First Horizon, without authorization or license from Intellectual Ventures II, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '841 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the '841 Patent, including but not limited to at least the Accused Products and Services identified in the example chart incorporated into this Count (collectively, "Example First Horizon Counterclaim Count I Products and Services") that infringe at least the example claims of the '841 Patent identified in the chart incorporated into this Counterclaim Count (the "Example '841 Patent Claims") literally or by the doctrine of equivalents.

25.     On information and belief, First Horizon has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '841 Patent Claims, by internal testing and use of the Example First Horizon Counterclaim Count I Products and Services.

97

26.    Each claim of the '841 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. For example, the '841 Patent discloses secure, customizable computer clusters and detecting cluster-level and node-level issues. The '841 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving the problems of multi-cluster configuration management and efficient usage of cluster resources, among other issues. The '841 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the '841 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

27.    Each claim of the '841 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the '841 Patent.

28.    First Horizon has known that its infringing products and services, such as the Example First Horizon Counterclaim Count I Products and Services, cannot be used without infringing the technology claimed in the '841 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

29.    **Willful Blindness.** First Horizon knew of the '841 Patent, or should have known of the '841 Patent, but was willfully blind to its existence. First Horizon has had actual knowledge of the '841 Patent not later than the filing of this Answer.

30.    **Induced Infringement.** First Horizon has also induced, and continues to induce the infringement of the '841 Patent by inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example First Horizon Counterclaim Count I Products and Services, in an infringing manner as described above,

98

including encouraging and instructing its customers, partners, vendors, customers, and/or third parties to infringe the '841 Patent. For example, on information and belief, First Horizon offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example First Horizon Count I Products and Services. First Horizon has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '841 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example First Horizon Count I Products and Services.

31.     First Horizon therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '841 Patent with knowledge of the '841 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '841 Patent. First Horizon has actively induced others, including, but not limited to, customers, partners, vendors, customers, and/or third parties who use the Example First Horizon Counterclaim Count I Products and Services to infringe the '841 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example First Horizon Counterclaim Count I Products and Services.

32.     **Contributory Infringement.** First Horizon actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '841 Patent by its partners, vendors,

99

customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '841 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

33.    First Horizon therefore actively, knowingly, and intentionally has been and continues to materially contribute to their customers, partners', vendors', and/or third-parties' infringement of the '841 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example First Horizon Counterclaim Count I Products and Services for use in a manner that infringes one or more claims of the '841 Patent. Example First Horizon Counterclaim Count I Products and Services are especially made or adapted for infringing the '841 Patent and have no substantial non-infringing use.

34.    As described in the example chart incorporated into this Counterclaim Count, I does not accuse First Horizon products and services that use a licensed cloud provide where the functionality for the '841 Patent is covered by that license. Example First Horizon Counterclaim Count I Products and Services do not include licensed First Horizon products and services.

35.    Exhibit 7 includes the Example First Horizon Counterclaim Count I Products and Services and Example '841 Patent Claims. As set forth in the chart, the Example First Horizon Counterclaim Count I Products and Services practice the technology claimed by the '841 Patent. Accordingly, the Example First Horizon Counterclaim Count I Products and Services incorporated in the chart satisfies all elements of the Example '841 Patent Claims.

36.    Intellectual Ventures II therefore incorporates by reference in its allegations herein the claim chart of Exhibit 7.

37. Intellectual Ventures II is entitled to recover damages adequate to compensate for First Horizon's infringement of the '841 Patent and will continue to be damaged by such infringement. Intellectual Ventures II is entitled to recover damages from First Horizon to compensate them for First Horizon's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

38. Further, First Horizon's infringement of Intellectual Ventures II's rights under the '841 Patent will continue to damage Intellectual Ventures II's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

39. As a result of First Horizon's acts of infringement, Intellectual Ventures II has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNTERCLAIM COUNT II

### (First Horizon's Infringement of U.S. Patent No. 7,949,785)

40. Paragraphs 1 through 39 of Intellectual Ventures' counterclaims are incorporated by reference as if fully set forth herein.

41. **Direct Infringement**. First Horizon, without authorization or license from Intellectual Ventures I, has directly infringed literally and/or by the doctrine of equivalents, individually and/or jointly, the '785 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the '785 Patent, including but not limited to at least the Accused Products and Services identified in the example chart incorporated into this Count (collectively, "Example First Horizon Counterclaim Count II Products and Services") that infringe at least the example claims of the '785 Patent identified in

101

the chart incorporated into this Counterclaim Count (the "Example '785 Patent Claims") literally or by the doctrine of equivalents.

42.    On information and belief, First Horizon has also infringed, literally or under the doctrine of equivalents, the Example '785 Patent Claims, by internal testing and use of the Example First Horizon Counterclaim Count II Products and Services.

43.    Each claim of the '785 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. For example, the '785 Patent is related to private virtual dynamic networks and enabling communications between devices on public and private networks. The '785 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving the problems of virtual network management, among other issues. The '785 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the '785 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

44.    Each claim of the '785 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the '785 Patent.

45.    First Horizon has known that its infringing products and services, such as the Example First Horizon Counterclaim Count II Products and Services, cannot be used without infringing the technology claimed in the '785 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

46.     **Willful Blindness.** First Horizon knew of the '785 Patent, or should have known of the '785 Patent, but was willfully blind to its existence. First Horizon has had actual knowledge of the '785 Patent not later than receipt of a notice letter dated September 23, 2024.

47.     **Induced Infringement.** First Horizon has also induced, and continues to induce the infringement of the '785 Patent by inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example First Horizon Counterclaim Count II Products and Services, in an infringing manner as described above, including encouraging and instructing its customers, partners, vendors, customers, and/or third parties to infringe the '785 Patent. For example, on information and belief, First Horizon offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example First Horizon Count II Products and Services. First Horizon has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '785 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example First Horizon Count II Products and Services.

48.     First Horizon therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '785 Patent with knowledge of the '785 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '785 Patent. First Horizon has actively induced others, including, but not limited to, customers, partners, vendors, customers, and/or third parties who use the Example First Horizon Counterclaim Count II Products and Services to infringe the '785 Patent, literally and/or by the doctrine of equivalents,

throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example First Horizon Counterclaim Count II Products and Services.

49.    **Contributory Infringement.** First Horizon actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '785 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '785 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

50.    First Horizon therefore actively, knowingly, and intentionally has been and continues to materially contribute to their customers, partners', vendors', and/or third-parties' infringement of the '785 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example First Horizon Counterclaim Count II Products and Services for use in a manner that has infringed one or more claims of the '785 Patent. Example First Horizon Counterclaim Count II Products and Services are especially made or adapted for infringing the '785 Patent and have no substantial non-infringing use.

51.    As described in the example chart incorporated into this Counterclaim Count, I does not accuse First Horizon products and services that use a licensed cloud provide where the functionality for the '785 Patent is covered by that license. Example First Horizon Counterclaim Count I Products and Services do not include licensed First Horizon products and services.

104

52. Exhibit 8 includes the Example First Horizon Counterclaim Count II Products and Services and Example '785 Patent Claims. As set forth in the chart, the Example First Horizon Counterclaim Count II Products and Services practice the technology claimed by the '785 Patent. Accordingly, the Example First Horizon Counterclaim Count II Products and Services incorporated in the chart satisfies all elements of the Example '785 Patent Claims.

53. Intellectual Ventures I therefore incorporates by reference in its allegations herein the claim chart of Exhibit 8.

54. Intellectual Ventures I is entitled to recover damages adequate to compensate for First Horizon's past infringement of the '785 Patent. Intellectual Ventures I is entitled to recover damages from First Horizon to compensate them for First Horizon's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

55. Further, First Horizon's infringement of Intellectual Ventures I's rights under the '785 Patent will continue to damage Intellectual Ventures I's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

56. As a result of First Horizon's acts of infringement, Intellectual Ventures I has suffered and will continue to suffer damages in an amount to be proven at trial.

## **COUNTERCLAIM COUNT III**

(First Horizon's Infringement of U.S. Patent No. 8,332,844)

57. Paragraphs 1 through 56 of Intellectual Ventures' counterclaims are incorporated by reference as if fully set forth herein.

58. **Direct Infringement**. First Horizon, without authorization or license from Intellectual Ventures II, has directly infringed, and continues to directly infringe, literally and/or

by the doctrine of equivalents, individually and/or jointly, the '844 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the '844 Patent, including but not limited to at least the Accused Products and Services identified in the example chart incorporated into this Count (collectively, "Example First Horizon Counterclaim Count III Products and Services") that infringe at least the example claims of the '844 Patent identified in the chart incorporated into this Counterclaim Count (the "Example '844 Patent Claims") literally or by the doctrine of equivalents.

59.    On information and belief, First Horizon has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '844 Patent Claims, by internal testing and use of the Example First Horizon Counterclaim Count III Products and Services.

60.    Each claim of the '844 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. For example, the '844 Patent is related to root image caching and indexing for block-level distributed application management. The '844 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving the problems of updating the boot image(s) for the cluster, among other issues. The '844 Patent addressed this technical problem and others with a technical solution. Additionally, the claims of the '844 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

61.    Each claim of the '844 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the '844 Patent.

62.    First Horizon has known that its infringing products and services, such as the Example First Horizon Counterclaim Count III Products and Services, cannot be used without

infringing the technology claimed in the '844 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

63.    **Willful Blindness.** First Horizon knew of the '844 Patent, or should have known of the '844 Patent, but was willfully blind to its existence. First Horizon has had actual knowledge of the '844 Patent not later than receipt of a notice letter dated September 23, 2024.

64.    **Induced Infringement.** First Horizon has also induced, and continues to induce the infringement of the '844 Patent by inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example First Horizon Counterclaim Count III Products and Services, in an infringing manner as described above, including encouraging and instructing its customers, partners, vendors, customers, and/or third parties to infringe the '844 Patent. For example, on information and belief, First Horizon offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example First Horizon Count III Products and Services. First Horizon has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '844 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example First Horizon Count III Products and Services.

65.    First Horizon therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '844 Patent with knowledge of the '844 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '844 Patent. First Horizon has actively induced others, including, but not limited to, customers, partners,

107

vendors, customers, and/or third parties who use the Example First Horizon Counterclaim Count III Products and Services to infringe the '844 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example First Horizon Counterclaim Count III Products and Services.

66.     **Contributory Infringement.** First Horizon actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '844 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '844 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

67.     First Horizon therefore actively, knowingly, and intentionally has been and continues to materially contribute to their customers, partners', vendors', and/or third-parties' infringement of the '844 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example First Horizon Counterclaim Count III Products and Services for use in a manner that infringes one or more claims of the '844 Patent. Example First Horizon Counterclaim Count III Products and Services are especially made or adapted for infringing the '844 Patent and have no substantial non-infringing use.

68.     As described in the example chart incorporated into this Counterclaim Count, I does not accuse First Horizon products and services that use a licensed cloud provide where the

functionality for the '844 Patent is covered by that license. Example First Horizon Counterclaim Count I Products and Services do not include licensed First Horizon products and services.

69.    Exhibit 9 includes the Example First Horizon Counterclaim Count III Products and Services and Example '844 Patent Claims. As set forth in the chart, the Example First Horizon Counterclaim Count III Products and Services practice the technology claimed by the '844 Patent. Accordingly, the Example First Horizon Counterclaim Count III Products and Services incorporated in the chart satisfies all elements of the Example '844 Patent Claims.

70.    Intellectual Ventures II therefore incorporates by reference in its allegations herein the claim chart of Exhibit 9.

71.    Intellectual Ventures II is entitled to recover damages adequate to compensate for First Horizon's infringement of the '844 Patent and will continue to be damaged by such infringement. Intellectual Ventures II is entitled to recover damages from First Horizon to compensate them for First Horizon's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

72.    Further, First Horizon's infringement of Intellectual Ventures I's rights under the '844 Patent will continue to damage Intellectual Ventures I's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

73.    As a result of First Horizon's acts of infringement, Intellectual Ventures II has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNTERCLAIM COUNT IV

(First Horizon's Infringement of U.S. Patent No. 8,352,584)

74.     Paragraphs 1 through 73 of Intellectual Ventures' counterclaims are incorporated by reference as if fully set forth herein.

75.     **Direct Infringement**. First Horizon, without authorization or license from Intellectual Ventures II, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '584 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the '584 Patent, including but not limited to at least the Accused Products and Services identified in the example chart incorporated into this Count (collectively, "Example First Horizon Counterclaim Count IV Products and Services") that infringe at least the example claims of the '584 Patent identified in the chart incorporated into this Counterclaim Count (the "Example '584 Patent Claims") literally or by the doctrine of equivalents.

76.     On information and belief, First Horizon has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '584 Patent Claims, by internal testing and use of the Example First Horizon Counterclaim Count IV Products and Services.

77.     Each claim of the '584 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. For example, the '584 Patent discloses secure, customizable computer clusters and detecting cluster-level and node-level issues. The '584 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving the problems of multi-cluster configuration management and efficient usage of cluster resources, among other issues. The '584 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the '584 Patent are novel and non-

obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

78.     Each claim of the '584 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the '584 Patent.

79.     First Horizon has known that its infringing products and services, such as the Example First Horizon Counterclaim Count IV Products and Services, cannot be used without infringing the technology claimed in the '584 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

80.     **Willful Blindness.** First Horizon knew of the '584 Patent, or should have known of the '584 Patent, but was willfully blind to its existence. First Horizon has had actual knowledge of the '584 Patent not later than receipt of a notice letter dated October 16, 2025.

81.     **Induced Infringement.** First Horizon has also induced, and continues to induce the infringement of the '584 Patent by inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example First Horizon Counterclaim Count IV Products and Services, in an infringing manner as described above, including encouraging and instructing its customers, partners, vendors, customers, and/or third parties to infringe the '584 Patent. For example, on information and belief, First Horizon offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example First Horizon Count IV Products and Services. First Horizon has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '584 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that

111

are associated with backend functionality provided by the Example First Horizon Count IV Products and Services.

82.     First Horizon therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '584 Patent with knowledge of the '584 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '584 Patent. First Horizon has actively induced others, including, but not limited to, customers, partners, vendors, customers, and/or third parties who use the Example First Horizon Counterclaim Count IV Products and Services to infringe the '584 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example First Horizon Counterclaim Count IV Products and Services.

83.     **Contributory Infringement.** First Horizon actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '584 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '584 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

84.     First Horizon therefore actively, knowingly, and intentionally has been and continues to materially contribute to their customers, partners', vendors', and/or third-parties' infringement of the '584 Patent, literally and/or by the doctrine of equivalents, by making,

112

utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example First Horizon Counterclaim Count IV Products and Services for use in a manner that infringes one or more claims of the '584 Patent. Example First Horizon Counterclaim Count IV Products and Services are especially made or adapted for infringing the '584 Patent and have no substantial non-infringing use.

85.    As described in the example chart incorporated into this Counterclaim Count, I does not accuse First Horizon products and services that use a licensed cloud provide where the functionality for the '584 Patent is covered by that license. Example First Horizon Counterclaim Count I Products and Services do not include licensed First Horizon products and services.

86.    Exhibit 10 includes the Example First Horizon Counterclaim Count IV Products and Services and Example '584 Patent Claims. As set forth in the chart, the Example First Horizon Counterclaim Count IV Products and Services practice the technology claimed by the '584 Patent. Accordingly, the Example First Horizon Counterclaim Count IV Products and Services incorporated in the chart satisfies all elements of the Example '584 Patent Claims.

87.    Intellectual Ventures II therefore incorporates by reference in its allegations herein the claim chart of Exhibit 10.

88.    Intellectual Ventures II is entitled to recover damages adequate to compensate for First Horizon's infringement of the '584 Patent and will continue to be damaged by such infringement. Intellectual Ventures II is entitled to recover damages from First Horizon to compensate them for First Horizon's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

113

89.    Further, First Horizon's infringement of Intellectual Ventures II's rights under the '584 Patent will continue to damage Intellectual Ventures II's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

90.    As a result of First Horizon's acts of infringement, Intellectual Ventures II has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNTERCLAIM COUNT V

(First Horizon's Infringement of U.S. Patent No. 8,407,722)

91.    Paragraphs 1 through 90 of Intellectual Ventures' counterclaims are incorporated by reference as if fully set forth herein.

92.    **Direct Infringement**. First Horizon, without authorization or license from Intellectual Ventures I, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '722 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the '722 Patent, including but not limited to at least the Accused Products and Services identified in the example chart incorporated into this Count (collectively, "Example First Horizon Counterclaim Count V Products and Services") that infringe at least the example claims of the '722 Patent identified in the chart incorporated into this Counterclaim Count (the "Example '722 Patent Claims") literally or by the doctrine of equivalents.

93.    On information and belief, First Horizon has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '722 Patent Claims, by internal testing and use of the Example First Horizon Counterclaim Count V Products and Services.

94.    Each claim of the '722 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. For example, the '722 Patent is related to a dynamic content routing

network that routes update messages including updates to properties of live objects to clients. The '722 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving the problems of dynamically updating content at a client device, among other issues. The '722 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the '722 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

95.    Each claim of the '722 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the '722 Patent.

96.    First Horizon has known that its infringing products and services, such as the Example First Horizon Counterclaim Count V Products and Services, cannot be used without infringing the technology claimed in the '722 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

97.    **Willful Blindness.** First Horizon knew of the '722 Patent, or should have known of the '722 Patent, but was willfully blind to its existence. First Horizon has had actual knowledge of the '722 Patent not later than receipt of a notice letter dated September 23, 2024.

98.    **Induced Infringement.** First Horizon has also induced, and continues to induce the infringement of the '722 Patent by inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example First Horizon Counterclaim Count V Products and Services, in an infringing manner as described above, including encouraging and instructing its customers, partners, vendors, customers, and/or third parties to infringe the '722 Patent. For example, on information and belief, First Horizon offers

products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example First Horizon Count V Products and Services. First Horizon has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '722 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example First Horizon Count V Products and Services.

99.     First Horizon therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '722 Patent with knowledge of the '722 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '722 Patent. First Horizon has actively induced others, including, but not limited to, customers, partners, vendors, customers, and/or third parties who use the Example First Horizon Counterclaim Count V Products and Services to infringe the '722 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example First Horizon Counterclaim Count V Products and Services.

100.     **Contributory Infringement.** First Horizon actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '722 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in

116

infringement of the '722 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

101.    First Horizon therefore actively, knowingly, and intentionally has been and continues to materially contribute to their customers, partners', vendors', and/or third-parties' infringement of the '722 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example First Horizon Counterclaim Count V Products and Services for use in a manner that infringes one or more claims of the '722 Patent. Example First Horizon Counterclaim Count V Products and Services are especially made or adapted for infringing the '722 Patent and have no substantial non-infringing use.

102.    As described in the example chart incorporated into this Counterclaim Count, I does not accuse First Horizon products and services that use a licensed cloud provide where the functionality for the '722 Patent is covered by that license. Example First Horizon Counterclaim Count I Products and Services do not include licensed First Horizon products and services.

103.    Exhibit 11 includes the Example First Horizon Counterclaim Count V Products and Services and Example '722 Patent Claims. As set forth in the chart, the Example First Horizon Counterclaim Count V Products and Services practice the technology claimed by the '722 Patent. Accordingly, the Example First Horizon Counterclaim Count V Products and Services incorporated in the chart satisfies all elements of the Example '722 Patent Claims.

104.    Intellectual Ventures I therefore incorporates by reference in its allegations herein the claim chart of Exhibit 11.

105.    Intellectual Ventures I is entitled to recover damages adequate to compensate for First Horizon's infringement of the '722 Patent and will continue to be damaged by such

117

infringement. Intellectual Ventures I is entitled to recover damages from First Horizon to compensate them for First Horizon's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

106.    Further, First Horizon's infringement of Intellectual Ventures I's rights under the '722 Patent will continue to damage Intellectual Ventures I's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

107.    As a result of First Horizon's acts of infringement, Intellectual Ventures I has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNTERCLAIM COUNT VI

(First Horizon's Infringement of U.S. Reissue Patent RE48,894)

108.    Paragraphs 1 through 107 of Intellectual Ventures' counterclaims are incorporated by reference as if fully set forth herein.

109.    **Direct Infringement**. First Horizon, without authorization or license from Intellectual Ventures, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '894 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the '894 Patent, including but not limited to at least the Accused Products and Services identified in the example chart incorporated into this Count (collectively, "Example First Horizon Counterclaim Count VI Products and Services") that infringe at least the example claims of the '894 Patent identified in the chart incorporated into this Counterclaim Count (the "Example '894 Patent Claims") literally or by the doctrine of equivalents.

118

110.    On information and belief, First Horizon has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '894 Patent Claims, by internal testing and use of the Example First Horizon Counterclaim Count VI Products and Services.

111.    Each claim of the '894 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. For example, the '894 Patent discloses a system and method for building and accessing a disaggregated resource spread across multiple independent resource nodes, each responsible for its own part, without any centralized controller. The '894 Patent discloses traditional distributed storage and computing architectures that relied on a central manager or controller, which creates a bottleneck, a single point of failure, and scalability limits. The '894 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the '894 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination. For example, during prosecution, the examiner found that, using claim 8 as an example, the prior art of record fails to disclose "determining, using the resource consumer device, an organizational structure of the plurality of resource nodes based on the received node names, the organizational structure being a parallel structure that enables access to a data set through at least two of the plurality of resource nodes or a serial structure that enables access to a first data block of the data set through a first resource node and to a second data block consecutive to the first data block of the data set through a second resource node;" and then "generating, using the resource consumer device, a resource map based at least in part on the organizational structure;" in combination with the other features of the claims.

119

112.    Each claim of the '894 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the '894 Patent.

113.    First Horizon has known that its infringing products and services, such as the Example First Horizon Counterclaim Count VI Products and Services, cannot be used without infringing the technology claimed in the '894 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

114.    **Willful Blindness.** First Horizon knew of the '894 Patent, or should have known of the '894 Patent, but was willfully blind to its existence. First Horizon has had actual knowledge of the '894 Patent not later than receipt of a notice letter dated October 16, 2025.

115.    **Induced Infringement.** First Horizon has also induced, and continues to induce the infringement of the '894 Patent by inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example First Horizon Counterclaim Count VI Products and Services, in an infringing manner as described above, including encouraging and instructing its customers, partners, vendors, customers, and/or third parties to infringe the '894 Patent. For example, on information and belief, First Horizon offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example First Horizon Count VI Products and Services. First Horizon has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '894 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example First Horizon Count VI Products and Services.

116.    First Horizon therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '894 Patent with knowledge of the '894 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '894 Patent. First Horizon has actively induced others, including, but not limited to, customers, partners, vendors, customers, and/or third parties who use the Example First Horizon Counterclaim Count VI Products and Services to infringe the '894 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example First Horizon Counterclaim Count VI Products and Services.

117.    **Contributory Infringement.** First Horizon actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '894 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '894 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

118.    First Horizon therefore actively, knowingly, and intentionally has been and continues to materially contribute to their customers, partners', vendors', and/or third-parties' infringement of the '894 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example First Horizon Counterclaim Count VI Products and Services for use in a manner that infringes one or

121

more claims of the '894 Patent. Example First Horizon Counterclaim Count VI Products and Services are especially made or adapted for infringing the '894 Patent and have no substantial non-infringing use.

119.    As described in the example chart incorporated into this Counterclaim Count, I does not accuse First Horizon products and services that use a licensed cloud provide where the functionality for the '894 Patent is covered by that license. Example First Horizon Counterclaim Count I Products and Services do not include licensed First Horizon products and services.

120.    Exhibit 12 includes the Example First Horizon Counterclaim Count VI Products and Services and Example '894 Patent Claims. As set forth in the chart, the Example First Horizon Counterclaim Count VI Products and Services practice the technology claimed by the '894 Patent. Accordingly, the Example First Horizon Counterclaim Count VI Products and Services incorporated in the chart satisfies all elements of the Example '894 Patent Claims.

121.    Intellectual Ventures therefore incorporates by reference in its allegations herein the claim chart of Exhibit 12.

122.    Intellectual Ventures is entitled to recover damages adequate to compensate for First Horizon's infringement of the '894 Patent and will continue to be damaged by such infringement. Intellectual Ventures is entitled to recover damages from First Horizon to compensate them for First Horizon's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

123.    Further, First Horizon's infringement of Intellectual Ventures' rights under the '894 Patent will continue to damage Intellectual Ventures' business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

124.    As a result of First Horizon's acts of infringement, Intellectual Ventures I has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Defendants and Counterclaim-Plaintiffs request that the Court enter judgment:

(A)    that First Horizon infringed the asserted counterclaim patents;

(B)    awarding damages sufficient to compensate defendants for First Horizon's past infringement under 35 U.S.C. § 284;

(C)    awarding a reasonable royalty sufficient to compensate defendants for First Horizon's continuing or future infringement, from the date of judgment through expiration of the counterclaim patents, as justified under 35 U.S.C. § 284;

(D)    finding this case exceptional under 35 U.S.C. § 285 and awarding defendants their reasonable attorneys' fees;

(E)    awarding its costs and expenses incurred in this action;

(F)    awarding pre-judgment and post-judgment interest; and

(G)    granting such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

**DEFENDANTS/COUNTERCLAIM-PLAINTIFFS HEREBY DEMAND TRIAL BY JURY OF ALL CLAIMS SO TRIABLE UNDER FEDERAL RULE OF CIVIL PROCEDURE 38.**

123

Dated:  April 28, 2026                                Respectfully submitted,


Of Counsel:                                          */s/ Emma M. Weintraub*          _
                                                     Matthew M. Lubozynski (TN# 033163)
Jonathan K. Waldrop                                  Emma Mansberg Weintraub (TN# 042326)
(*pro hac vice forthcoming*)                         BRICKER GRAYDON WYATT LLP
Marcus A. Barber (*pro hac vice forthcoming*)        6070 Poplar Avenue, Suite 300
John Downing (*pro hac vice forthcoming*)            Memphis, TN 38119
Heather S. Kim (*pro hac vice forthcoming*)          Tel: (901) 537-1020
ThucMinh Nguyen  (*pro hac vice forthcoming*)        Fax: (901) 537-1010
Jonathan H. Hicks  (*pro hac vice forthcoming*)      mlubozynski@bricker.com
KASOWITZ LLP                                         emweintraub@bricker.com
101 California Street
Suite 3950
San Francisco, CA 94111                              *Attorneys for Defendants*
Telephone: (415) 421-6140
Facsimile: (415) 358-4408
jwaldrop@kasowitz.com
mbarber@kasowitz.com
jdowning@kasowitz.com
hkim@kasowitz.com
tnguyen@kasowitz.com
jhicks@kasowitz.com

Paul G. Williams  (*pro hac vice forthcoming*)
KASOWITZ LLP
1230 Peachtree Street, N.E., Suite 3750
Atlanta, Georgia 30309
Tel: (404) 260-6080
Fax: (404) 260-6081
pwilliams@kasowitz.com