**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

FIRST HORIZON BANK,

*Plaintiff*,

v.

INTELLECTUAL VENTURES MANAGEMENT, LLC, INTELLECTUAL VENTURES I LLC, INTELLECTUAL VENTURES II LLC, CALLAHAN CELLULAR L.L.C., OL SECURITY LIMITED LIABILITY COMPANY, INVENTION INVESTMENT FUND I, L.P., and INVENTION INVESTMENT FUND II, LLC

*Defendants.*

Civil Action No.: 2:25-cv-02956-BCL-tmp

JURY TRIAL DEMANDED

**SCHEDULING ORDER**

Pursuant to written notice, a scheduling conference was held on June 3, 2026, at 10:30 a.m. before Judge Brian C. Lea via Microsoft Teams Video Conference. Present were Lea Speed, Adam Baldridge, Ed Lanquist, and Dominic Rota, counsel for Plaintiff First Horizon Bank (“**First Horizon**” or “**Plaintiff**”) and Matthew Lubozynski and Emma Mansberg Weintraub, counsel for Defendants Intellectual Ventures Management, LLC (“**Intellectual Ventures Management**”), Intellectual Ventures I LLC (“**Intellectual Ventures I**”), Intellectual Ventures II LLC, Callahan Cellular LLC (“**Callahan Cellular**”), OL Security LLC (“**OL Security**”), Invention Investment Fund I LLP (“**Investment Fund I**”), and Invention Investment Fund II, LLC (“**Investment Fund**

**II**") (collectively, "**Intellectual Ventures**" or "**Defendants**").[1] Pursuant to the June 3, 2026 Scheduling Conference (ECF No. 36), the parties submit this Joint Proposed Scheduling Order.

**PARTIES TO FILE STIPULATED DISMISSAL OR PARTIAL DISMISSAL OF CLAIMS/COUNTERCLAIMS IN LIGHT OF THE THRESHOLD DISCOVERY IF ANY (AS DEFINED BELOW)**: August 15, 2026.

**PLAINTIFF'S DEADLINE TO ANSWER OR OTHERWISE RESPOND TO DEFENDANT'S COUNTER-CLAIMS**: August 28, 2026.

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: September 15, 2026.

**MOTIONS TO JOIN PARTIES**: December 15, 2026.

**MOTIONS TO AMEND PLEADINGS**: December 15, 2026.

**MOTIONS TO DISMISS**: January 12, 2027.

**ALTERNATIVE DISPUTE RESOLUTION:**

**(a) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN SECTION 5.4(c):**

The parties will work together to identify a mediator with sufficient technical and patent litigation expertise and will inform the Court once they have selected an acceptable candidate.

**(b) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** June 25, 2027

Mediator must file a Mediation Certification Form following mediation. The parties must file a notice reporting the mediation results within seven days thereafter, in compliance with Local Rule 16.3(d).

**DEADLINES & PATENT RELATED DISCLOSURES AND EVENTS**

| Reference | Description | Proposed Date |
|---|---|---|
| ECF No. 36 | Joint Proposed Scheduling Order | June 5, 2026 |
| ECF No. 36 | Deadline to serve Threshold Discovery[2] | June 10, 2026 |
| | Deadline to Respond to Threshold Discovery | July 20, 2026 |

[1] Jonathan Waldrop, John Downing, and Heather Kim (*pro hac vice* applications forthcoming) of Kasowitz LLP, counsel for Defendants, were also present.

[2] "Threshold Discovery" shall be directed to licenses or other agreements that confer any right to practice one or more of the Patents-in-Suit and consist of no more than 2 interrogatories and 2 requests for production per side.

| Reference | Description | Proposed Date |
|---|---|---|
| | Parties to File Stipulated Dismissal or Partial Dismissal of Claims/Counterclaims in light of the Threshold Discovery (SD) if any | August 14, 2026 |
| | Deadline for Plaintiff to Answer or Otherwise Respond to Defendant's Counterclaims | August 28, 2026 |
| | Rule 26(a)(1) Initial Disclosures and Opening of General Fact Discovery | September 15, 2026 |
| LPR 3.1-3.2 | Initial Infringement Contentions & Accompanying Document Production | November 17, 2026 |
| | Motions to Join Parties | December 15, 2026 |
| | Motions to Amend Pleadings | December 15, 2026 |
| | Dispositive Motions Under Rule 12(b) | January 12, 2027 |
| LPR 3.3-3.4 | Initial Non-Infringement Contentions & Accompanying Document Production | January 26, 2027 |
| | Oppositions to Motions Under Rule 12(b) | February 9, 2027 |
| | Replies to Motions Under Rule 12(b) | February 23, 2027 |
| LPR 3.5-3.6 | Invalidity and Unenforceability Contentions & Accompanying Document Production | March 9, 2027 |
| LPR 3.7 | Validity and Enforceability Contentions | May 4, 2027 |
| LPR 4.1(a) | Preliminary Identification of Claim Terms for Construction | May 18, 2027 |
| LPR 4.1(b) | Meet and Confer on Disputed Claim Terms | May 25, 2027 |
| LPR 4.1(c) | Final Identification of Claim Terms to be Construed | June 8, 2027 |
| | ADR Deadline Pursuant to ADR Plan Rule 4.3(a) | June 25, 2027 |
| LPR 4.2(a)-(b) | Preliminary Claim Constructions & Extrinsic Evidence | June 29, 2027 |
| LPR 4.3(a) | Initial Expert Claim Construction Reports | July 27, 2027 |
| LPR 4.3(b) | Rebuttal Expert Claim Construction Reports | August 31, 2027 |
| LPR 4.3(c) | Completion of Expert Claim Construction Discovery | October 1, 2027 |
| LPR 4.2(c) | Final Claim Construction Disclosure | October 19, 2027 |
| LPR 4.4(a) | Opening Claim Construction Briefs | November 16, 2027 |
| LPR 4.4(b) | Responsive Claim Construction Briefs | December 21, 2027 |

| Reference | Description | Proposed Date |
|---|---|---|
| LPR 4.5 | Joint Claim Construction and Prehearing Statement | January 4, 2028 |
| LPR 4.6 | Claim Construction Hearing | To Be Set By The Court |
| | Court's Claim Construction Ruling ("**CCR**")[3] | No deadline |
| LPR 4.8 | Production of Written Advice of Counsel | 90 days prior to the close of fact discovery |
| LPR 3.8(a) | Final Infringement Contentions | 4 weeks after CCR |
| LPR 3.8(b) | Final Non-Infringement, Invalidity, and Unenforceability Contentions | 8 weeks after CCR |
| LPR 3.8(c) | Final Validity and Enforceability Contentions | 12 weeks after CCR |
| LPR 4.7 | Status Conference | 14 weeks after CCR |
| LPR 4.7 | Close of Fact Discovery | 18 weeks after CCR |
| LPR 5.1(b) | Initial Expert Witness Disclosures (for party bearing the burden of proof) | 6 weeks after the close of fact discovery |
| LPR 5.1(c) | Rebuttal Expert Witness Disclosures | 6 weeks after initial expert witness disclosures |
| LPR 5.2 | Completion of Expert Discovery | 6 weeks after rebuttal expert witness disclosures |
| LPR 6.1 | Opening Dispositive Motions and Motions to Exclude Experts/*Daubert* Motions | 6 weeks after the end of expert discovery |
| | Oppositions to Dispositive Motions and Motions to Exclude Experts/*Daubert* Motions | 4 weeks after Opening Dispositive Motions and Motions to Exclude Experts |
| | Replies to Dispositive Motions and Motions to Exclude Experts/*Daubert* Motions | 3 weeks after Oppositions to Dispositive Motions and Motions to Exclude Experts |
| LPR 6.2 | Jury Trial | To Be Set By The Court |

[3] The parties respectfully request the Court schedule a status conference after the CCR at which time a trial date and pre-trial conference will be set.

**Parties' Agreed Proposals Departing from the Local Rules**:

The parties' proposal has been made to account for the Threshold Discovery and the number of patents and claims at issue in this case.

**NATURE OF DISPUTE:**

**a. Description of the Field of the Claimed Invention:**

There are nine Patents-in-Suit, only two of which are related. In broad terms, all nine patents address computing networks, systems, and methods that organize, connect, and manage computing resources that are physically distributed across networks. The subject matter of each Asserted Patent is further specified below:

i. U.S. Patent No. 7,822,841 addresses a method and system for hosting multiple, customized computing clusters;

ii. U.S. Patent No. 8,352,584 is a Continuation of United States Patent No. 7,822,841 and addresses a system for hosting customized computing clusters;

iii. U.S. Patent No. 7,949,785 addresses a secure virtual community network system;

iv. U.S. Patent No. 8,332,844 addresses root image caching and indexing for block-level distributed application management;

v. U.S. Patent No. 8,407,722 addresses asynchronous messaging using a node specialization architecture in the dynamic routing network;

vi. U.S. Reissue Patent No. RE48,894 addresses disaggregated resources and access methods;

vii. U.S. Patent No. 10,567,391 addresses graduated authentication in an identity management system;

viii. U.S. Patent No. 7,464,862 addresses apparatus & methods for POS processing; and

ix. U.S. Patent No. 9,678,967 addresses information source agent systems and methods for distributed data storage and management using content signatures

(collectively, the "Patents-in-Suit").

**b. Claims Asserted as Infringed:**

i. U.S. Patent No. 7,822,841: at least claim 1
ii. U.S. Patent No. 7,949,785: at least claim 30
iii. U.S. Patent No. 8,332,844: at least claim 7
iv. U.S. Patent No. 8,352,584: at least claim 1

v. U.S. Patent No. 8,407,722: at least claim 14
vi. U.S. Reissue Patent No. RE48,894: at least claim 8

c. **Number of Claims to be Construed**: At this early stage of the litigation before limited and expedited discovery to determine third-party licensing and before Intellectual Ventures has provided its final identification of all claims it alleges are infringed, before the parties have undertaken any discovery, and before any contentions have been disclosed, the parties anticipate that they may request that the Court construe twenty or fewer claim terms. However the parties acknowledge that number may change. The parties reserve the right to increase the number of claim terms for construction if necessary.

d. **Description of the Allegedly Infringing Product**:

i. **Intellectual Ventures' Position**: Intellectual Ventures contends that First Horizon infringes the Counterclaim Patents through its products and services that utilize and/or support various technologies, including but not limited to, backend cloud technologies such as Kubernetes, Docker, and Kafka.

As explained above, once First Horizon provides a list of its cloud providers, suppliers, and vendors, Intellectual Ventures will be able to collect and produce any license agreements with those third parties (to the extent they exist). Intellectual Ventures proposes each side serves a limited set of discovery as follows: (1) Intellectual Ventures to serve an interrogatory requesting First Horizon identify all cloud providers, suppliers, and vendors and (2) First Horizon to serve a Request for Production of Documents reflecting license agreements involving the Patents-in-Suit.

ii. **First Horizon's Position**: Intellectual Ventures has failed to identify or describe *any* product or service of First Horizon that it alleges infringes any claim of the Asserted Patents. Instead, Intellectual Ventures vaguely refers above to "products and services *that utilize and/or support various technologies*, *including but not limited* to, backend cloud technologies *such as* Kubernetes, Docker, and Kafka." (emphasis added). Intellectual Ventures' focus on "backend cloud technologies such as Kubernetes, Docker, and Kafka" ignores that every Asserted Claim has multiple additional limitations and all limitations collectively must be satisfied before there can be any infringement. Intellectual Ventures has failed to identify any product or service that it alleges satisfies all the limitations of any Asserted Claim.

In addition, in its Answer and Counterclaim Intellectual Ventures discloses for the first time that it has already licensed all six of the Asserted Patents to third parties and the scope of those licenses could cover the accused activities of First Horizon, rendering them permitted and not infringing. This information is in Intellectual Ventures' sole possession as between the parties and could dispositively establish there is no infringement of any Asserted Patent. Until Intellectual Ventures discloses the third-party licenses it has granted for the Patents-in-Suit and the

parties conclude whether or not First Horizon's activities are covered by those licenses, Intellectual Ventures has not distinguished between licensed and unlicensed activities and, thus, has failed to identify or describe any allegedly infringing product of First Horizon.

e. **Description of Any Potentially Non-Infringing Alternative Designs:**

i. **<u>Intellectual Ventures' Position</u>**: Intellectual Ventures contends there are no acceptable or available non-infringing alternative designs.

ii. **<u>First Horizon's Position</u>**: As explained in (d)(ii) above, Intellectual Ventures has failed to identify or describe *any* product or service of First Horizon that it alleges infringes any claim of the Asserted Patents. Every asserted claim requires more to infringe than simply the "backend cloud technologies such as Kubernetes, Docker, and Kafka" relied on by Intellectual Ventures. Every asserted claim has multiple additional limitations, and all limitations collectively must be satisfied to practice the claimed invention. Each of the differing claim scopes asserted by the parties render numerous available and acceptable known alternatives. Further, the Asserted Patents disclose prior art methods, systems, etc., which are also non-infringing alternatives to those claimed in the Asserted Patents.

f. **Stipulation of Non-infringement**: The parties **HAVE NOT** stipulated that the above-described designs do not infringe the patents in issue.

**COMPLETING ALL FACT DISCOVERY**: 18 weeks after the Court's Claim Construction Ruling

(a) **WRITTEN DISCOVERY**: All written discovery requests must be served sufficiently in advance of the fact discovery deadline such that responses are due before the fact discovery deadline. All written discovery responses must be served by the close of fact discovery.

(b) **DEPOSITIONS**: The parties shall cooperate to schedule and take all fact depositions before the fact discovery deadline. The parties agree that expert depositions shall not count against the deposition limit in Fed. R. Civ. P. 30 and because the parties anticipate the potential for significant third-party discovery, should multiple third-party depositions be necessary, the parties request that third-party depositions not count toward the limit.

(c) **EXPERT WITNESS DISCLOSURES (Rule 26)**:

**(1) DISCLOSURE OF PARTY WITH THE BURDEN OF PROOF RULE 26 EXPERT INFORMATION (Initial Expert Witness Disclosures):** 6 weeks after the close of fact discovery

**(2) DISCLOSURE OF OPPOSING PARTY'S RULE 26 EXPERT INFORMATION (Rebuttal Expert Witness Disclosures):** 6 weeks after initial expert witness disclosures

(3) **EXPERT WITNESS DEPOSITIONS:** 6 weeks after rebuttal expert witness disclosures. The parties shall cooperate to appropriately schedule any expert depositions. If a party offers an expert report, that party shall make good-faith efforts to ensure sufficient availability of the expert for deposition

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/*DAUBERT* MOTIONS**: 6 weeks after the end of expert discovery

**SUPPLEMENTATION UNDER RULE 26(e)(2)**: The parties agree to comply with Rule 26(e)(2).

**FILING DISPOSITIVE MOTIONS**: 6 weeks after the end of expert discovery

**PROTECTIVE ORDER:**

a. The parties **HAVE NOT** agreed to the form Patent Case Protective Order set forth in Appendix A to the Local Patent Rules.

b. The parties **DO** plan to submit an alternative proposed protective order for adoption by the Court.

c. Issues the Court should be aware of with respect to the confidentiality concerns of the Parties: Confidentiality obligations owed to third parties. The parties plan to actively seek to address any third-party confidentiality obligations for documents in the parties' possession, custody, or control when the relevance becomes known.

**CLAIM CONSTRUCTION HEARING:** The parties propose the following format for the Claim Construction Hearing at this time, but reserve the right to request the Court alter the order of presentation:

a. Order of presentation: Per term, First Horizon, followed by Intellectual Ventures, as well as any additional arguments from First Horizon and Intellectual Ventures as permitted by the Court

b. Anticipated number of witnesses: None at this time.

c. Anticipated length of hearing: To be determined. Subject to the number of disputed terms, the parties presently anticipate at least a four (4) hour hearing.

**ELECTRONIC EXCHANGE:** The parties **HAVE** consented, pursuant to Fed. R. Civ. P. 5(b)(2)(E), to the electronic exchange of pleadings, notices, discovery, and other mandated disclosures not otherwise served electronically via the Court's Electronic Case Filing system.

**MOTIONS IN LIMINE:** To be set by the Court following claim construction ruling.

**JOINT PROPOSED PRETRIAL ORDER DUE:** To be set by the Court following claim construction ruling.

The Joint Proposed Pretrial Order shall be prepared in accordance with the template available on the Court's website (Judge Brian Lea | Western District of Tennessee | United States District Court). In addition to being filed, the Joint Proposed Pretrial Order shall be emailed in Word format to: ECF_Judge_Lea@tnwd.uscourts.gov.

**JOINT TRIAL PLAN AND EXHIBIT LIST:** To be set by the Court following claim construction ruling.

The Joint Trial Plan and Joint Exhibit List should be prepared in accordance with the templates available on the Court's website (Judge Brian Lea | Western District of Tennessee | United States District Court).

**INDIVIDUALLY FILED WITNESS LISTS AND DEPOSITION DESIGNATIONS (AND OBJECTIONS THERETO AND COUNTER DESIGNATIONS):** To be set by the Court following claim construction ruling.

Each party shall separately file its own witness list and deposition designations after conferring with the opposing party or parties concerning their positions, which shall be noted in the filings.

1. The **witness list** should indicate who will be called, in the absence of reasonable notice to the contrary, and those witnesses who only may be called. For each witness, the party calling the witness shall (1) provide a brief description of the subject matter and substance of the testimony and (2) identify those witnesses being called as expert witnesses. Any objection to a witness's testimony in general shall be noted in the witness list.

2. The **deposition designations** shall indicate those witnesses who will appear by deposition. The designating party shall: (1) identify the witness, (2) provide a brief explanation of the subject matter and substance of the testimony, (3) cite the inclusive pages and lines to be presented (and only those pages and lines), and (4) indicate whether the testimony will be offered in video form. Any objections to such testimony shall be noted, including the pages and lines. The filing shall similarly set out any counter designations.

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM, OR PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AS APPLICABLE:** To be set by the Court following claim construction ruling.

The parties need not agree on each proposed jury instruction, but they shall file their proposed jury instructions and verdict forms, including substantive claims and defenses, in a single joint filing. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Language proposed only by a plaintiff shall be underlined. Language proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority.

In addition to filing the joint jury instructions and verdict form on CM/ECF, the parties shall submit that filing, in Word format, via email to ECF_Judge_Lea@tnwd.uscourts.gov, by the specified deadline set forth above.

**PRETRIAL CONFERENCE DATE:** To be set by the Court following claim construction ruling.

**TRIAL MEMORANDA:** To be set by the Court following claim construction ruling.

**JURY TRIAL:** To be set by the Court following claim construction ruling.

Trial is anticipated to last approximately 10 days. The parties do not consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver and in accordance with the joint protective order to be entered by the Court.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

The parties are ordered to engage in ADR by the ADR deadline. Under ADR Rule 5.11(b) the mediator is to file a Mediation Certification within seven (7) days after the close of the

mediation session reporting the date of the session, whether the case settled as a whole or in part and whether any follow up is scheduled. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. **Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion**.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This Order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.***

**IT IS SO ORDERED**, this 9th day of June, 2026.

s/*Brian Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE



110037155v1